869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BEALE, Plaintiff-Appellant, Cross-Appellee,
v.
David E. CAIN, Judge; Defendant-Appellee, Cross Appellant,
County of Franklin; Archer E. Reilly, Judge; Donna Bowman,
Judge; John C. Young, Judge; State of Ohio,
Defendants-Appellees.
 Nos. 88-3848, 88-3886.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1989.
 
 Before KEITH, BOYCE F. MARTIN Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 These appeals seek review of the district court's judgment dismissing the 42 U.S.C. Sec. 1983 civil rights complaint filed by Harry Beale, and denying the defendant's motion for Fed.R.Civ.P. 11 sanctions against Beale. The cross-appeal named only defendant Cain. In light of the Supreme Court's recent decision in Torres v. Oakland Scavenger Co., 108 S.Ct. 2405 (1988) the above caption has been amended to correct the status of the parties in the cross-appeal.
 
 
 3
 Harry Beale sought damages in his civil rights complaint filed against four Ohio state court judges, Franklin County and the State of Ohio. The basis for his claim was his displeasure with the adverse decisions rendered by the named judges in the course of a state legal malpractice suit. Beale also sought prospective injunctive relief against the decisions of the Ohio courts, and disqualification of the federal district court judge. The defendant Franklin County sought imposition of Rule 11 sanctions against Beale. Several defendants filed motions to dismiss for failure to state a claim.
 
 
 4
 Upon consideration, the district court denied the recusal motion, and thereafter dismissed the complaint on the basis that the individually named state court judges were entitled to absolute judicial immunity. The district court denied Beale's motion for injunctive relief, and further denied defendant's motion for imposition of sanctions pursuant to Rule 11. Final judgment was entered on September 2, 1988. These timely appeals followed.
 
 
 5
 On appeal, Beale argues that the district court erred in its application of judicial immunity, particularly with respect to his separate motion for prospective injunctive relief. The defendant urges the court to reverse the district court's denial of Rule 11 sanctions. Beale has filed a motion seeking reconsideration of the order "consolidating" the appeals.
 
 
 6
 Upon review, we deny the motion to reconsider and affirm the judgment of the district court in all respects. The named defendant judges are entitled to absolute immunity from Sec. 1983 damages for the judicial acts complained of in Beale's civil rights suit. See Stump v. Sparkman, 435 U.S. 349, 359 (1978); King v. Love, 766 F.2d 962, 966 (6th Cir.), cert. denied, 474 U.S. 971 (1985). Further, the district court did not err in denying Beale's motion for prospective injunctive relief, which failed to sufficiently implicate a denial of a federally secured right. Review of the motion reveals that Beale sought injunctive relief as a means of abrogating the effect of state court judgments. A federal court lacks authority to review a final judgment of the state court if the federal court is required to review the same claims as asserted between the parties in the state litigation. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983); In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986).
 
 
 7
 Additionally, the district court's denial of the disqualification motion filed pursuant to 28 U.S.C. Sec. 455 was appropriate, since the motion asserted grounds predicated solely on the judges' prior judicial conduct. See Easley v. University of Michigan, 853 F.2d 1351, 1355 (6th Cir.1988).
 
 
 8
 Finally, upon review we conclude under the circumstances of the case that the district court did not abuse its discretion in denying defendant's motion for imposition of Rule 11 sanctions against the plaintiff. See Mihalik v. Pro Arts, Inc., 851 F.2d 790, 793 (6th Cir.1988).
 
 
 9
 Accordingly, the motion for reconsideration of this court's briefing schedule is denied and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.