891 F.2d 299
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Cheryl A. DECKERT.
 No. 89-1386.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1989.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge,* and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Cheryl A. Deckert[1] (appellant) appeals the January 19, 1989, decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the examiner's rejection of claims 1, 4-8, and 11-20 of application serial No. 715,661 as unpatentable under 35 USC 103. We affirm.
 
 OPINION
 
 2
 Deckert does not challenge the board's holding that a Rule 131 affidavit is ineffective to overcome a U.S. patent where there is no patentable distinction between the claims rejected and the claims of the U.S. patent. Instead, Deckert argues that her claims are patentably distinct from Kukanskis' claims. We agree with Deckert that her claims and Kukanskis' claims do not "overlap," but agree with the Solicitor that Deckert did not argue and the board did not decide obviousness. In fact, the board flatly held that "[a]ppellants [did] not argue that ... the here claimed process is unobvious over the claimed process of Kukanskis." We will not consider on appeal an argument which was not presented to the board. See, e.g., In re Wiseman, 596 F.2d 1019, 1022, 201 USPQ 658, 661 (CCPA 1979).
 
 
 3
 The principal issue decided by the board was whether "claims copied from Kukanskis would be unpatentable in the present application on the grounds of double patenting based on the claims of ... U.S. Patent 4,515,829...." The board's analysis of this issue was thorough and is persuasive, and we affirm its conclusion on this issue on the basis of the board's opinion.
 
 
 
 *
 Judge Friedman assumed Senior status on November 1, 1989
 
 
 [1]
 Deckert's co-inventors Couble and Bonnetti are not parties to this appeal because they were not specifically named in the notice of appeal. Fed.R.App.P. 15(a). See Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2409 (1988) (construing similar requirement of Fed.R.App.P. 3(c))