902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHIVAS PRODUCTS LIMITED, Plaintiff-Appellee, Cross-Appellant,
v.
Jeffrey B. OWEN, Defendant-Appellant, Cross-Appellee,
Thomas Buttner, Jeffrey Owen & Associates, Inc., Judco
Automotive, Inc., Judco Manufacturing, Inc.,
Robert J. Smith, Defendants-Appellees.
 Nos. 89-1738, 89-1806.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1990.
 
 Before MERRITT and KRUPANSKY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant-cross-appellee, Jeffrey Owen (appellant) appeals denial of his motion for the United States District Court for the Eastern District of Michigan to reassert jurisdiction over pendent state claims which the court had previously remanded, and dismiss them.[1] Plaintiff-appellee-cross-appellant Chivas Products Ltd. (Chivas Products), appeals the district court's denial of its motion for an award of attorneys' fees pursuant to Fed.R.Civ.P. Sec. 11 and 28 U.S.C. Sec. 1927.
 
 
 2
 In November, 1985, Chivas Products filed suit against appellant in Macomb County, Michigan Circuit Court alleging several state tort and breach of contract claims. Chivas Products later amended its claim to include a federal civil RICO claim pursuant to 28 U.S.C. Sec. 1964. Appellant removed the case to federal court which dismissed the RICO count and remanded the pendent state law claims to the Macomb County Court in a single order. The district court also denied Chivas Products's motion to amend its complaint to state a colorable RICO claim. Chivas Products thereupon appealed the district court's denial of its motion to amend. In disposing of the first appeal this court concluded that state courts did not have jurisdiction of federal civil RICO claims, thus the initial removal had been improper under the then-viable doctrine of "derivative jurisdiction." Accordingly, this circuit issued the following mandate:
 
 
 3
 The judgment of the District Court is vacated and the case remanded to the District Court with instructions to dismiss the case for want of subject matter jurisdiction.[2]
 
 
 4
 On remand, appellant moved the district court to enter an order dismissing the entire case, including both the state law counts as well as the RICO counts, ostensibly pursuant to the court's mandate. Chivas Products responded by moving for the imposition of attorneys' fees as a sanction for the making of a frivolous motion (as it related to the state court claims). The district court denied both motions in a single order and both sides have appealed.
 
 
 5
 Upon review of both appellant's and cross-appellant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court finds no errors in the district court's order of June 1, 1989, which is accordingly AFFIRMED for the reasons stated therein.
 
 
 
 [1]
 There were originally five other defendants, but as the notice of appeal named only Jeffrey B. Owen, et al., then, under the holding of Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2409 (1989), only Jeffrey B. Owen is deemed to have appealed this case
 
 
 [2]
 Although the legal foundation of this court's mandate has since collapsed, it still remains the law of the case