904 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph BUCK, et al., Plaintiffs,
William F. WYNN; William K. Harris, Plaintiffs-Appellants,
v.
James H. ROSE, Warden, et al., Defendants-Appellees.
 No. 90-5059.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. POTTER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William Wynn, a pro se Tennessee state prisoner, moves for counsel and appeals from the district court's order dismissing his complaint which the district court initially construed as a motion for contempt.
 
 
 4
 Wynn and another inmate sued prison officials for failing to implement policies and procedures regarding an agreed order. The order provided for the modification of a Tennessee Department of Corrections policy governing the handling of inmate mail. Plaintiffs sought monetary relief.
 
 
 5
 The district court vacated the agreed order and treated the motion for contempt as an independent action seeking relief pursuant to 42 U.S.C. Sec. 1983. Only plaintiff Wynn filed this appeal in which he raises the same argument.
 
 
 6
 As an initial matter, we recognize this appeal as being brought only by Wynn as he was the only plaintiff who signed the notice of appeal. The use of the term "et al." did not sufficiently designate the other appellants; they therefore failed to effectuate an appeal to this court. See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Minority Employees of the Tenn. Dep't. of Employ. Sec., Inc. v. Tennessee, No. 88-5429 (6th Cir. April 26, 1990) (en banc).
 
 
 7
 The trial court properly found that the policies and procedures which appellant asserts appellees failed to implement are currently the subject of scrutiny under Grubbs v. Bradley, Nos. 80-3404, 80-3518, 80-3616, and 80-3617 (M.D.Tenn., Nashville Division). Appellant is also a member of the Grubbs class. We agree with the trial court that "[i]t is inappropriate for identical issues to be adjudicated simultaneously in separate actions." See Groseclose v. Dutton, 829 F.2d 581 (6th Cir.1987). We also agree with the trial court that the claims of Wynn and Harris may proceed as an independent action seeking relief pursuant to 42 U.S.C. Sec. 1983.
 
 
 8
 Accordingly, the motion for counsel is denied, and the district court's order of December 14, 1989 is hereby affirmed for the reasons stated pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation