# TORRES *v.* OAKLAND SCAVENGER CO. ET AL.

No. 86–1845.   Argued February 23, 1988—Decided June 24, 1988

MARSHALL, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and WHITE, BLACKMUN, STEVENS, O'CONNOR, and KENNEDY, JJ.,

joined. SCALIA, J., filed an opinion concurring in the judgment, *post,* p. 318. BRENNAN, J., filed a dissenting opinion, *post,* p. 319.

*B. V. Yturbide* argued the cause and filed briefs for petitioner.

*Stephen McKae* argued the cause for respondents and filed a brief for respondent Oakland Scavenger Co.

JUSTICE MARSHALL delivered the opinion of the Court.

This case presents the question whether a federal appellate court has jurisdiction over a party who was not specified in the notice of appeal in accordance with Federal Rule of Appellate Procedure 3(c).

I

Petitioner Jose Torres is one of 16 plaintiffs who intervened in an employment discrimination suit against respondent Oakland Scavenger Co. (hereafter respondent) after receiving notice of the action pursuant to a settlement agreement between respondent and the original plaintiffs. In their complaint, the intervenors purported to proceed not only on their own behalf, but also on behalf of all persons similarly situated. On August 31, 1981, the District Court for the Northern District of California dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim warranting relief. 4 Record, Doc. No. 87. A class had not been certified at the time of the dismissal.

On September 29, 1981, a notice of appeal was filed in the Court of Appeals for the Ninth Circuit. The Court of Appeals reversed the District Court's dismissal and remanded the case for further proceedings. *Bonilla* v. *Oakland Scavenger Co.*, 697 F. 2d 1297 (1982). Both the notice of appeal and the order of the Court of Appeals omitted petitioner's name. It is undisputed that the omission in the notice of appeal was due to a clerical error on the part of a secretary employed by petitioner's attorney.

On remand, respondent moved for partial summary judgment on the ground that the prior judgment of dismissal was final as to petitioner by virtue of his failure to appeal. The

District Court granted respondent's motion. App. to Pet. for Cert. B–1, Civ. Action No. C 75–0060 CAL (ND Cal., Oct. 30, 1985). The Court of Appeals affirmed, judgment order reported at 807 F. 2d 178 (1986), holding that "[u]nless a party is named in the notice of appeal, the appellate court does not have jurisdiction over him." App. to Pet. for Cert. A–4, citing *Farley Transportation Co. v. Santa Fe Trail Transportation Co.*, 778 F. 2d 1365, 1368 (CA9 1985).

We granted certiorari to resolve a conflict in the Circuits over whether a failure to file a notice of appeal in accordance with the specificity requirement of Federal Rule of Appellate Procedure 3(c) presents a jurisdictional bar. to the appeal.[1] 484 U. S. 894 (1987). We now affirm.

## II

Federal Rule of Appellate Procedure 3(c) provides in pertinent part that a notice of appeal "shall specify the party or parties taking the appeal." The Rule was amended in 1979 to add that an appeal "shall not be dismissed for informality of form or title of the notice of appeal." This caveat does not aid petitioner in the instant case. The failure to name a party in a notice of appeal is more than excusable "informality"; it constitutes a failure of that party to appeal.

More broadly, Rule 2 gives courts of appeals the power, for "good cause shown," to "suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion." Rule 26(b), however, contains certain exceptions to this grant of broad equitable dis-

---

[1] Compare *Farley Transportation Co. v. Santa Fe Trail Transportation Co.*, 778 F. 2d 1365, 1368–1370 (CA9 1985) (failure to specify party to appeal is jurisdictional bar); *Covington v. Allsbrook*, 636 F. 2d 63, 64 (CA4 1980) (same); *Life Time Doors, Inc. v. Walled Lake Door Co.*, 505 F. 2d 1165, 1168 (CA6 1974) (same), with *Ayres v. Sears, Roebuck & Co.*, 789 F. 2d 1173, 1177 (CA5 1986) (appeal by party not named in notice of appeal is permitted in limited instances); *Harrison v. United States*, 715 F. 2d 1311, 1312–1313 (CA8 1983) (same); *Williams v. Frey*, 551 F. 2d 932, 934, n. 1 (CA3 1977) (same).

cretion. The exception pertinent to this case forbids a court to "enlarge" the time limits for filing a notice of appeal, which are prescribed in Rule 4. We believe that the mandatory nature of the time limits contained in Rule 4 would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal. Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the Rules do not grant courts the latter power, we hold that the Rules likewise withhold the former.

We find support for our view in the Advisory Committee Note following Rule 3:

> "Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal. Because the timely filing of a notice of appeal is 'mandatory and jurisdictional,' *United States* v. *Robinson*, [361 U. S. 220, 224 (1960)], compliance with the provisions of those rules is of the utmost importance." 28 U. S. C. App., p. 467.

This admonition by the Advisory Committee makes no distinction among the various requirements of Rule 3 and Rule 4; rather it treats the requirements of the two Rules as a single jurisdictional threshold. The Advisory Committee's caveat that courts should "dispense with literal compliance in cases in which it cannot fairly be exacted," *ibid.*, is not to the contrary. The examples cited by the Committee make clear that it was referring generally to the kinds of cases later addressed by the 1979 amendment to Rule 3(c), which excuses "informality of form or title" in a notice of appeal.[2] Permitting imperfect but substantial compliance with a technical re-

---

[2] For example, the Advisory Committee approvingly cited cases permitting a letter from a prisoner to a judge to suffice as a notice of appeal, see *Riffle* v. *United States*, 299 F. 2d 802 (CA5 1962), and permitting the mailing of a notice of appeal to constitute its time of "filing" rather than its receipt by the court, see *Halfen* v. *United States*, 324 F. 2d 52 (CA10 1963).

quirement is not the same as waiving the requirement altogether as a jurisdictional threshold. Our conclusion that the Advisory Committee viewed the requirements of Rule 3 as jurisdictional in nature, although not determinative, is "of weight" in our construction of the Rule. *Mississippi Publishing Corp.* v. *Murphree*, 326 U. S. 438, 444 (1946).

Nor does this Court's decision in *Foman* v. *Davis*, 371 U. S. 178 (1962), compel a contrary construction. In *Foman*, the Court addressed a separate provision of Rule 3(c) requiring that a notice of appeal "designate the judgment, order or part thereof appealed from." Foman was a plaintiff whose complaint was dismissed. She first filed motions in the District Court seeking to vacate the judgment against her and to amend her complaint. While the motions were pending, she filed a notice of appeal from the dismissal. When the District Court denied his motions, Foman filed a second notice of appeal from the denial. The Court of Appeals concluded that the first notice of appeal was premature because of Foman's pending motions, and that the second notice of appeal failed to designate the underlying dismissal as the judgment appealed from. This Court reversed the appellate court's refusal to hear Foman's appeal on the merits of her dismissal, holding that the court should have treated the second notice of appeal as "an effective, although inept, attempt to appeal from the judgment sought to be vacated." *Id.*, at 181.

*Foman* did not address whether the requirement of Rule 3(c) at issue in that case was jurisdictional in nature; rather, the Court simply concluded that in light of all the circumstances, the Rule had been complied with. We do not dispute the important principle for which *Foman* stands—that the requirements of the rules of procedure should be liberally construed and that "mere technicalities" should not stand in the way of consideration of a case on its merits. *Ibid.* Thus, if a litigant files papers in a fashion that is technically

at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires. See, *e. g., Houston* v. *Lack, ante,* p. 266 (delivery of notice of appeal by *pro se* prisoner to prison authorities for mailing constitutes "filing" within the meaning of Federal Rules of Appellate Procedure 3 and 4). But although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for "good cause shown" under Rule 2, if it finds that they have not been met.[3]

Applying these principles to the instant case, we find that petitioner failed to comply with the specificity requirement of Rule 3(c), even liberally construed. Petitioner did not file the functional equivalent of a notice of appeal; he was never named or otherwise designated, however inartfully, in the notice of appeal filed by the 15 other intervenors. Nor did petitioner seek leave to amend the notice of appeal within the time limits set by Rule 4. Thus, the Court of Appeals was correct that it never had jurisdiction over petitioner's appeal.

Petitioner urges that the use of "et al." in the notice of appeal was sufficient to indicate his intention to appeal. We

---

[3] In addition to urging that the requirements of Rule 3(c) are not jurisdictional in nature, petitioner advances two other arguments in support of his position, neither of which has merit. First, petitioner argues that courts of appeals should apply "harmless error" analysis to defects in a notice of appeal. This argument misunderstands the nature of a jurisdictional requirement: a litigant's failure to clear a jurisdictional hurdle can never be "harmless" or waived by a court. Second, petitioner argues that refusal to permit him to cure the defect in the original notice of appeal will unfairly permit absent class members, now that the suit has been certified as a class action, to obtain relief from which petitioner is barred. The District Court, however, in granting summary judgment against petitioner, explicitly left open "the issue of whether Mr. Torres can or cannot participate in this litigation as a member of a class, should a class be properly certified." App. to Pet. for Cert. B-4.

cannot agree. The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.

We recognize that construing Rule 3(c) as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of our construction is "imposed by the legislature and not by the judicial process." *Schiavone* v. *Fortune*, 477 U. S. 21, 31 (1986) (construing Federal Rule of Civil Procedure 15(c) in a similarly implacable fashion).

The judgment of the Court of Appeals is affirmed.

*It is so ordered.*

JUSTICE SCALIA, concurring in the judgment.

I agree with the judgment of the Court, but I do not believe that the principles set forth in its opinion produce it. If it is the fact that the requirements of the rules of procedure should be "liberally construed," that "'mere technicalities' should not stand in the way of consideration of a case on its merits," and that a rule is complied with if "the litigant's action is the functional equivalent of what the rule requires," *ante*, at 316, it would seem to me that a caption listing the first party to the case and then adding "et al." is enough to suggest that all parties are taking the appeal; and that the later omission of one of the parties in listing the appellants can, "liberally viewed," be deemed to create no more than an

ambiguity which does not destroy the effect of putting the appellee on notice.

The principle that "mere technicalities" should not stand in the way of deciding a case on the merits is more a prescription for ignoring the Federal Rules than a useful guide to their construction and application. By definition all rules of procedure are technicalities; sanction for failure to comply with them always prevents the court from deciding where justice lies in the particular case, on the theory that securing a fair and orderly process enables more justice to be done in the totality of cases. It seems to me, moreover, that we should seek to interpret the rules neither liberally nor stingily, but only, as best we can, according to their apparent intent. Where that intent is to provide leeway, a permissive construction is the right one; where it is to be strict, a permissive construction is wrong. Thus, the very first of the Rules of Civil Procedure does not prescribe that they are to be "liberally construed," but rather that they are to be "construed to secure the just, speedy, and inexpensive determination of every action." Fed. Rule Civ. Proc. 1.

The Appellate Rule at issue here requires the appellant to "specify the party or parties taking the appeal," Fed. Rule App. Proc. 3(c), which suggests to me more than just a residual "et al." Moreover, that it was thought necessary to specify that "informality of form or title" would not entail dismissal, *ibid.*, suggests that a strict application was generally contemplated. I concur in today's judgment, therefore, for essentially the same reasons that I dissented from the judgment in *Houston* v. *Lack, ante,* p. 266, which the Court appropriately cites to support its reasoning in the present case, but which in my view stands in stark contrast to its conclusion.

JUSTICE BRENNAN, dissenting.

"The Federal Rules," we have previously observed, "reject the approach that pleading is a game of skill in which one mis-

step by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman* v. *Davis,* 371 U. S. 178, 181–182 (1962). Although the Court today pays lipservice to the spirit of liberality animating the Federal Rules, it nevertheless holds that the Court of Appeals below lacked jurisdiction over petitioner's suit because his lawyer's secretary inadvertently omitted his name from the notice of appeal filed on behalf of him and his 15 coplaintiffs. Eschewing any inquiry into whether this omission was excusable or whether respondent suffered any prejudice as a result of it, the Court concludes that this "misstep by counsel" decides the outcome of petitioner's case because compliance with the partyspecification requirement of Federal Rule of Appellate Procedure 3(c) is a jurisdictional prerequisite to appellate review. Nothing in the Federal Rules, however, compels such a construction of Rule 3(c), which I believe to be wholly at odds with the liberal policies underlying those Rules, as well as our own prior construction of them.

As the Court notes, Federal Rule of Appellate Procedure 2 permits the courts of appeals, upon a showing of good cause, to "suspend the requirements or provisions of any of these rules in a particular case," except as otherwise provided by Rule 26(b). Rule 26(b), in turn, permits appellate courts to enlarge the time established by the Rules for any act, except the "time for filing a notice of appeal" set out in Rule 4. On their face, then, Rules 2 and 26(b) together confer broad equitable discretion on the courts of appeals to excuse compliance with the requirements of any and all Rules save the time limitations of Rule 4. Notably, neither mentions Rule 3(c) as falling outside the purview of this broad equitable power.

In the face of this express policy favoring a liberal construction of all the Rules except the timeliness requirements of Rule 4, the Court nevertheless holds that Rule 3(c)'s party-

specification requirement must be deemed jurisdictional, for the "mandatory nature of the time limits contained in Rule 4 would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal." *Ante,* at 315. This unsupported assertion, however, is only correct if we assume the answer to the question at issue here, *i. e.,* that "[t]he failure to name a party in a notice of appeal . . . constitutes a failure of that party to appeal." *Ante,* at 314. If, on the other hand, we assume, as several Courts of Appeals have, that an unnamed party effectively appeals where a notice is timely filed and the unnamed party's intention to join in the appeal is clear to all and prejudicial to none, see, *e. g., Harrison* v. *United States,* 715 F. 2d 1311, 1312–1313 (CA8 1983); *Williams* v. *Frey,* 551 F. 2d 932, 934, n. 1 (CA3 1977), then Rule 4's mandatory time limitations would remain inviolate. The Court itself acknowledges that a "litigant's action [may be] the functional equivalent of what the rule requires." *Ante,* at 317. It is obvious, however, that the initial determination whether a given act satisfies any test of "functional equivalence" depends not at all on the time limitations prescribed by Rule 4; it is only *after* a court decides that a given act is not the functional equivalent of filing a notice of appeal that the necessity of amending any notice that was filed, and hence the necessity of enlarging the time requirements of Rule 4, arise.

The Court purports to find support for its jurisdictional construction of Rule 3(c) in the Advisory Committee Notes, which explain that Rules 3 and 4 "combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal," and that "[b]ecause the timely filing of a notice of appeal is mandatory and jurisdictional . . . compliance with the provisions of those rules is of the utmost importance." 28 U. S. C. App., p. 467. Arguing that this admonition does not differentiate

between the various requirements of the two Rules, the Court concludes that all the requirements of both form "a single jurisdictional threshold." *Ante,* at 315. I believe the Advisory Committee Note lends no support to the result the Court reaches today. The comment itself says only that the "timely filing" requirement is mandatory and jurisdictional; significantly, the Advisory Committee stopped short of describing Rules 3 and 4 as jurisdictional in their entirety. Moreover, it is apparent from the context that the Advisory Committee did not intend to incorporate by reference every requirement of the two Rules, but rather, only those provisions discussed in the first sentence of the comment. Rule 3(a) provides that an appeal "shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." It is thus this provision—which is tracked nearly word for word in the Advisory Committee Note—and not every enumerated requirement of Rule 3, that combines with Rule 4 to form the jurisdictional requirement "that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal."

The Court's broader reading of the Note, and its jurisdictional construction of the Rule, are flatly inconsistent with *Foman* v. *Davis, supra,* where we held that Rule 3 (c)'s judgment-designation requirement is not jurisdictional. That requirement, which immediately precedes the party-specification provision, states that a notice of appeal "shall designate the judgment, order, or part thereof appealed from." Although the Court today suggests that in *Foman* we simply forgave mere technical noncompliance with the Rule, see *ante,* at 316, the lower court in that case expressly stated that the second notice of appeal in question made no reference to the judgment for which review was sought, and that the first notice of appeal was premature and thus void. *Foman* v. *Davis,* 292 F. 2d 85, 87 (CA1 1961). Because we

affirmed the lower court's disposition of the first notice, the lack of a designated judgment in the second notice was no more nor less a "mere technicality" than the absence of petitioner's name from the notice of appeal filed in this case: both the notice here and in *Foman* omitted precisely the information required by Rule 3(c). In *Foman*, we nevertheless held that the Court of Appeals should have "*treated* the [second notice of] appeal . . . as an effective, although inept, attempt to appeal" because when the two ineffective notices were read together, "petitioner's *intention to seek review* . . . was manifest." 371 U. S., at 181 (emphasis added).

Petitioner Torres makes precisely the same claim here, arguing that appellate counsel's presentation of the case—in which all issues in the case were treated as common to all the plaintiffs, named and unnamed in the District Court—and the inclusion of 15 of the 16 named intervenors in the notice of appeal, made his intention to join in the appeal manifest. The Court, however, simply dismisses this contention by asserting that "petitioner failed to comply with the specificity requirement of Rule 3(c)"; failed to "file the functional equivalent of a notice of appeal"; and was "never named or otherwise designated, however inartfully, in the notice of appeal filed by the 15 other intervenors." *Ante*, at 317. These statements, however, are wholly conclusional, and in no way distinguish petitioner's omission from that involved in *Foman*.

In 1979, Rule 3(c) was amended to provide that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." The Advisory Committee Note accompanying this amendment explained that "so long as the *function* of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." Advisory Committee Note to Rule 3, 28 U. S. C. App., p. 467 (emphasis added). The function of a notice of appeal, of course, is to notify the court of appeals

and the opposing party that an appeal is being taken, see *Cobb* v. *Lewis*, 488 F. 2d 41, 45 (CA5 1974) (cited with approval in Advisory Committee Note to Rule 3), which in turn ensures that the appellees are not prejudiced in any way by the appeal and that the appellants have made the requisite commitment to assuming the obligations of the appeal, particularly the obligation to pay any costs and fees that the appellate court might ultimately assess. These are factual inquiries that the courts of appeals are entirely capable of undertaking, and that better serve the purposes supposedly advanced by the bright-line jurisdictional rule the Court announces today.*

After today's ruling, appellees will be able to capitalize on mere clerical errors and secure the dismissal of unnamed appellants no matter how meritorious the appellant's claims and no matter how obvious the appellant's intention to seek appellate review, and courts of appeals will be powerless to correct even the most manifest of resulting injustices. The Court identifies no policy supporting, let alone requiring, this harsh rule, which I believe is patently inconsistent not only with the liberal spirit underlying the Federal Rules, but with Rule 2's express authorization permitting courts of appeals to forgive noncompliance where good cause for such forgiveness

---

*Although the Court's jurisdictional approach to the specificity requirement provides no greater protection to litigants than the equitable approach adopted by several Courts of Appeals, like all bright-line tests its application is more certain and predictable. This advantage, however, is of marginal significance inasmuch as few courts have found the notice function satisfied where a party's name is omitted, and those that have have acknowledged that it is the exceptional case in which such a finding is even possible. See *Harrison* v. *United States*, 715 F. 2d 1311, 1313 (CA8 1983) ("[T]his is a very rare but appropriate case for a liberal construction of FRAP 3"); *Williams* v. *Frey*, 551 F. 2d 932, 934, n. 1 (CA3 1977) ("Under most circumstances, the designation of the party appellant in the notice of appeal will govern"). Certainly no responsible lawyer would intentionally omit a party's name in reliance on an equitable construction of the notice of appeal.

is shown. Instead, the Court simply announces by fiat that the omission of a party's name from a notice of appeal can never serve the function of notice, thereby converting what is in essence a factual question into an inflexible rule of convenience. Because the Court has failed to demonstrate that the notice filed in this case failed to apprise the court below or respondents that petitioner intended to join in the appeal taken by his 15 coplaintiffs, I would reverse the case and remand for the necessary factual inquiry.

Accordingly, I dissent.