**ALLEN ARCHERY, INC.,**
Plaintiff–Appellee,

v.

**PRECISION SHOOTING EQUIPMENT,
INC., and Paul E. Shepley, Jr.,**
Defendants–Appellants.

No. 88–1119.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 1988.

Decided Sept. 29, 1988.

Rehearing En Banc Denied
Oct. 13, 1988.

Jack E. Dominik, Dominik, Stein, Saccacio & Reese, Miami Lakes, Fla., Patrick W. O'Brien, Mayer, Brown & Platt, Chicago, Ill., for defendants-appellants.

D.A.N. Chase, Linde Thomson Langworthy Kohn & Van Dyke, P.C., Overland Park, Kan., F. Daniel Welsch, Welsch & Hall, Danville, Ill., for plaintiff-appellee.

Before POSNER, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

On August 8 we granted the appellee's motion to dismiss Paul Shepley as an appellant. The notice of appeal, under a caption that describes the case as "ALLEN ARCHERY, INC., Plaintiff" v. "PRECISION SHOOTING EQUIPMENT, INC. and PAUL E. SHEPLEY, JR., Defendants," states: "Notice is hereby given that Precision Shooting Equipment, Inc., defendant, hereby appeals...." Citing Fed.R.App.P. 3(c) and *Torres v. Oakland Scavenger Co.*, — U.S. —, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), we rejected the argument that naming Shepley in the caption of the notice cured the omission of his name from the notice itself. Precision and Shepley have filed a petition for rehearing in which they point out that on the day after the notice of appeal was filed, a supersedeas bond was filed in the district court which states that the court had ordered a stay of execution of its judgment, pending appeal, "provided that ... Precision Shooting Equipment, Inc. and Paul E. Shepley, Jr. give a bond" and "that if the said Precision Shooting Equipment, Inc. and Paul E. Shepley, Jr. shall prosecute its appeal to effect," the obligation stated in the bond would be void. The bond, they argue, shows beyond possibility of doubt that Shepley had joined in Precision's appeal from the judgment that had been entered against both of them.

It shows no such thing. It shows only that both defendants were liable on the bond. The reference to "its appeal"—not "their appeal"—is perfectly consistent with the notice of appeal, which gave notice only of the appeal by the neuter defendant—the "it"—the company. Even under the regime that existed before *Torres*, the regime under which in many circuits, including this one, failure to name each appellant forfeited that party's right to appeal only if there was a danger that the appellee might have been misled by the omission, see *Hays v. Sony Corp.*, 847 F.2d 412, 414 (7th Cir. 1988), the failure to name Shepley would have been fatal. See *G.E. Smith & Associ-*

*ates, Inc. v. Otis Elevator Co.*, 608 F.2d 126 (5th Cir.1979) (per curiam). In *Torres* itself, the use of "et al." in the body of the notice was held insufficient to preserve the right to appeal of a party who was not explicitly named in the notice though he was within the class of "alii" (others) denominated by "et al."

Precision and Shepley appeal to the statement in *Torres* that "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." 108 S.Ct. at 2408–09. But the statement, insofar as it pertains to Rule 3(c), is designed for the case where the litigant fails to file a notice of appeal, but files another paper that is its functional equivalent. It is not designed for the case—this case and *Torres*—where the litigant has filed a notice of appeal and failed to name all the appellants. A defective notice of appeal is not the functional equivalent of a notice of appeal.

*Torres* changed the law in this circuit. It requires us to insist on punctilious, literal, and exact compliance with the requirement in Rule 3(c) that the notice of appeal (or its functional equivalent, if but only if no notice of appeal is filed) "shall specify the party or parties taking the appeal." The appellant must be named in the notice of appeal; naming him in the caption, or in collateral documents such as a supersedeas bond, will not do. Shepley was properly dismissed.