898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James COX, Plaintiff-Appellant,
Roy Cline; Ben Spencer; Robert Clark; Donald Wayne Crowe;
Lenox Cramer, Plaintiffs,
v.
William C. SEABOLD, Warden, Defendant-Appellee.
 No. 89-5913.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1990.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges and PAUL V. GADOLA, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Six inmates at the Kentucky State Penitentiary filed a civil rights action under 42 U.S.C. Sec. 1983 in which they sought to prevent defendant Warden Seabold from altering the prison's visitation setting. The district court sua sponte dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). This appeal followed. The lone appellant listed on the notice of appeal is James Cox; Cox is also the lone signator to the notice of appeal. This court has no jurisdiction over the remaining five plaintiffs. Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 2407-09 (1988). Cox has submitted a brief in his own behalf.
 
 
 4
 The complaint centered on the prisoners' claimed right to continue to receive visitors in an outdoor reception area instead of an apparently new indoor facility. Plaintiffs argued that they acquired their right to use the outdoor area through past usage and by the terms of the consent decree entered in Kendrick v. Bland, 541 F.Supp. 21, 27-50 (W.D.Ky.1981). The district court rejected both legal arguments.
 
 
 5
 The district court correctly noted that the prisoners did not acquire any rights through long usage. Absent other constitutional deprivations, a mere change in prison conditions does not give rise to a federal constitutional claim for relief. Meachum v. Fano, 427 U.S. 215, 224 (1976). No case law has been found otherwise supporting this claim.
 
 
 6
 The second claim is also meritless. The allegations of the complaint do not state a claim that visitation has been restricted, merely made less attractive. No constitutional violation has been articulated.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul V. Gadola, U.S. District Judge for the Eastern District of Michigan, sitting by designation