916 F.2d 1250
 135 L.R.R.M. (BNA) 2976, 117 Lab.Cas. P 10,391,
17 Fed.R.Serv.3d 1158
 David L. PRIDE, et al., Plaintiffs-Appellants,
v.
VENANGO RIVER CORPORATION, Illinois Central Gulf Railroad
Company, IC Industries, Incorporated, also known as Whitman
Corporation, Harry Bruce, Henry Borgsmiller, and Richard
Bessette, Defendants-Appellees.
 No. 89-2070.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 13, 1989.
Decided Oct. 25, 1990.
As Amended Nov. 5, 1990.
 
 Amiel Cueto, Cueto, Daley, Williams, Moore & Cueto, Belleville, Ill., for plaintiffs-appellants.
 Gregory S. Davis, Robert H. Joyce, Ronald L. Lipinski, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Venango River Corp.
 William J. Billeaud, William A. Brasher, St. Louis, Mo., Francis D. Morrissey, Thomas A. Doyle, William Lynch Schaller, John M. McGarry, Chicago, Ill., for defendants-appellees.
 Before WOOD, Jr., COFFEY and RIPPLE, Circuit Judges.
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 Plaintiffs' first amended complaint alleged that the defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961 et seq., when they engaged in a scheme to defraud the plaintiffs of their seniority rights and other employment benefits. The district court granted the defendants' motions to dismiss on the ground that section 153 First (i) of the Railway Labor Act, 45 U.S.C. Secs. 151 et seq., pre-empted the plaintiffs' claims and gave the National Railway Adjustment Board exclusive jurisdiction over the parties' dispute.
 
 
 2
 Subsequent to oral argument, we observed a serious defect in the plaintiffs' notice of appeal and requested additional briefing.[1] The defective notice of appeal reads in its entirety as follows:
 
 
 3
 In the United States District Court for the Southern
 
 District of Illinois
 
 4
 David L. Pride, et al., Plaintiffs,
 
 
 5
 v.
 
 
 6
 Venango River Corporation, et al., Defendants.
 
 No. 89-5012
 NOTICE OF APPEAL
 
 7
 Come now the plaintiffs by their attorney, Amiel Cueto, and pursuant to Federal Rule of Appellate Procedure Chapter 133, Sec. 2107 hereby notices that the plaintiffs are appealing to the U.S. Seventh Circuit Court of Appeals from the judgement and order entered by the U.S. District Court, the Honorable William Beatty, on May 10, 1989, dismissing the plaintiffs' entire case with prejudice. A copy of Judge Beatty's order is attached hereto and incorporated herein by reference.
 
 
 8
 Federal Rule of Appellate Procedure 3(c) requires that "the notice of appeal shall specify the party or parties taking the appeal...." The issue that concerned us was whether the identification of the appellants in the text of the notice of appeal as "the plaintiffs" and the caption's reference to "David L. Pride, et al." satisfied the specificity requirement of FED.R.APP.P. 3(c).
 
 
 9
 While none of the parties dispute the identity of the intended appellants, the Supreme Court found in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), that actual confusion is not a prerequisite to a dismissal for failure to strictly comply with Rule 3(c)'s naming requirement. We have noted that "Torres changed the law in this circuit. It requires us to insist on punctilious, literal, and exact compliance ..." with Rule 3(c). Allen Archery, Inc. v. Precision Shooting Equip., Inc., 857 F.2d 1176, 1177 (7th Cir.1988); see also Barnett v. Stern, 909 F.2d 973, 977 (7th Cir.1990); Baucher v. Eastern Ind. Prod. Credit Ass'n, 906 F.2d 332, 333-34 (7th Cir.1990); FTC v. Amy Travel Serv., Inc., 875 F.2d 564, 577 (7th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989); Bigby v. City of Chicago, 871 F.2d 54, 57 (7th Cir.1989).
 
 
 10
 In Torres, the petitioner was one of sixteen plaintiffs who intervened in an employment discrimination suit. The district court dismissed the complaint under FED.R.CIV.P. 12(b)(6) for failure to state a claim warranting relief. All sixteen plaintiffs wished to appeal, but due to a clerical error on the part of the petitioner's attorney, plaintiff Jose Torres's name was omitted from the notice of appeal. Torres argued that the Court should regard the use of "et al." in the notice of appeal as an adequate expression of his intention to appeal. The Court found that such a vague designation did not provide adequate notice to either the opposition or the court of the identity of the appellants. Torres, 487 U.S. at 318, 108 S.Ct. at 2409. Furthermore, the Court found that the omission of Torres's name in the notice of appeal amounted to a failure to appeal that deprived the appellate court of jurisdiction. Id. at 314, 317, 108 S.Ct. at 2407, 2409.
 
 
 11
 We observed in Allen Archery that the individual appellant must "be named in the notice of appeal; naming in the caption, or in collateral documents such as a supersedeas bond, will not do." 857 F.2d at 1177. The Allen Archery notice of appeal, appearing under a caption describing the case as "ALLEN ARCHERY, INC., Plaintiff" v. "PRECISION SHOOTING EQUIPMENT, INC. and PAUL E. SHEPLEY, JR., Defendants," stated that "Notice is hereby given that Precision Shooting Equipment, Inc., defendant, hereby appeals...." We ruled that the omission of Shepley's name in the body of the notice of appeal was not cured by the inclusion of his name in the caption.
 
 
 12
 The notice of appeal in Bigby v. City of Chicago, 871 F.2d 54 (7th Cir.1989), bore a caption reading "WILLIAM C. BIGBY, et al., Plaintiffs, and MAURICE THOELE, et al., Intervening Plaintiffs, vs. CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT, Defendants." The body of the notice of appeal, however, stated simply that "Plaintiffs and Intervening Plaintiffs hereby appeal the order of the district court entered in this case on June 22,1987." We found that because the body of the notice of appeal named none of the individuals taking the appeal, we lacked jurisdiction over any of the putative appellants. Id. at 57. The notice of appeal in this case exhibits the same deficiencies that led to a dismissal in Bigby.
 
 
 13
 Appellants urge that dismissal of their appeal for non-compliance with FED.R.APP.P. 3(c) "would have the ironic effect of penalizing a party for faithful compliance with Rule 10(a) of the Federal Rules of Civil Procedure." Rule 10(a) provides in part:
 
 
 14
 In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.
 
 
 15
 FED.R.CIV.P. 10(a) (emphasis added). There is no irony in finding that compliance with a rule applicable only to pleadings filed in district court, see FED.R.CIV.P. 1, does not satisfy the demands of procedural rules that apply only to appeals. Rule 3(c) expressly requires that a notice of appeal specify each party taking the appeal, just as FED.R.CIV.P. 10(a) requires that a complaint filed in district court contain the names of all the parties. If a plaintiff fails to comply with the naming requirement of FED.R.CIV.P. 10(a) before a statute of limitations runs, and an unnamed defendant is unaware that he is a party against whom the claim should have been brought, the plaintiff is foreclosed from amending the complaint to name the correct defendant. Schiavone v. Fortune, 477 U.S. 21, 30-32, 106 S.Ct. 2379, 2384-86, 91 L.Ed.2d 18 (1986). Similarly, if an appellant does not comply with the naming requirement of FED.R.APP.P. 3(c) within the time allowed for filing an appeal, a court of appeals will lack jurisdiction over the unnamed appellant.
 
 
 16
 In their brief, appellants claim that their case is distinguishable from Bigby in that any failure to comply with Rule 3(c) was cured when they filed a certificate of interest that listed all of the 111 plaintiffs. As support for their argument, plaintiffs rely on Brotherhood of Ry. Carmen v. Atchison, Topeka & Santa Fe Ry., 894 F.2d 1463 (5th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 131, 112 L.Ed.2d 99 (1990). In Carmen, six unions filed a notice of appeal in which one union was specifically listed while the other five were designated only as "et al." The Fifth Circuit recognized that under Torres, the "et al." designation did not confer jurisdiction over the unnamed appellants. Nonetheless, the court ruled that the appellants cured this defect by listing all six unions in a Memorandum in Support of Appellants' Motion for Injunction Pending Appeal within the thirty-day period in which the notice of appeal could be filed. Id. at 1465. The court conceded that it was overlooking the "letter" of Rule 3(c)'s specificity requirement. Id. at 1465 n. 3.
 
 
 17
 That the Fifth Circuit has chosen to interpret Rule 3(c)'s specificity requirement loosely, however, does not exempt appellants from this circuit's interpretation of Rule 3(c) and Torres. The Fifth Circuit cited the following language in Torres as support for its interpretation of Rule 3(c):
 
 
 18
 [I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.
 
 
 19
 Carmen, 894 F.2d at 1465 (quoting Torres, 487 U.S. at 317, 108 S.Ct. at 2409). The Fifth Circuit, however, failed to consider the crucial sentence in Torres following the quoted statement: "But although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." Torres, 487 U.S. at 317, 108 S.Ct. at 2409. Two years before Carmen was decided, we construed the same passage from Torres that the Fifth Circuit later relied upon and arrived at a contrary conclusion based on its context:
 
 
 20
 [T]he statement, insofar as it pertains to Rule 3(c), is designed for the case where the litigant fails to file a notice of appeal, but files another paper that is its functional equivalent. It is not designed for the case--this case and Torres--where the litigant has filed a notice of appeal and failed to name all the appellants. A defective notice of appeal is not the functional equivalent of a notice of appeal.
 
 
 21
 Allen Archery, 857 F.2d at 1177. The appellants have not persuaded us that our interpretation of Rule 3(c) and Torres in Allen Archery and Bigby was mistaken.
 
 
 22
 In Allen Archery, we unequivocally stated that naming a party in the caption of the notice of appeal or in collateral documents will not satisfy the specificity requirement of Rule 3(c), 857 F.2d at 1177, and warned future appellants that "[t]he appellant must be named in the notice of appeal; naming him in the caption, or in collateral documents ..., will not do." Id. The education that Bigby gave to potential appellants regarding compliance with FED.R.APP.P. 3(c) also arrived in time to aid the appellants here: Bigby was decided on March 7, 1989, and the Pride, et al., notice of appeal was filed on May 18, 1989. While we have since determined that a notice of appeal specifying every appellant in the caption passes muster under Rule 3(c), see Hartford Casualty Ins. Co. v. Borg-Warner Corp., 913 F.2d 419, 423 (7th Cir.1990), we summarized our case law as standing for the proposition that "where the caption and the body of the notice of appeal are ambiguous even when read together, it is inappropriate to consider as appellants parties named only in the caption." Id. at 423. Reading the caption and the body of the notice of appeal together in this case does not inform us who the "plaintiffs" are and who is included in "et al."
 
 
 23
 We therefore DISMISS this appeal for lack of jurisdiction.
 
 
 
 [1]
 The plaintiffs-appellants requested additional oral argument on the issue of this court's jurisdiction when they submitted their supplemental brief. Upon consideration of the briefs and the record, we find that additional argument is unnecessary and therefore deny the request for oral argument