944 F.2d 907
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Chi Feng SU, Petitioner-Appellee,
v.
Robert F. CASEY, John Randall and Neil F. Hartigan,
Respondents-Appellants.
 No. 90-2275.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 4, 1991.
Decided Sept. 20, 1991.
 
 Before CUMMINGS, WOOD, JR. and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Chi Feng Su ("Su") successfully sought a writ of habeas corpus from the district court. Su had been indicted in the Circuit Court of Kane County, Illinois. The 55 counts of the indictment charged delivery of a controlled substance to one of four undercover police officers. The State elected to prosecute Su on Counts 41 through 55 of the indictment but introduced evidence as to all counts to establish Su's "motive, intent, method of operation and common scheme." He was acquitted on all fifteen counts in a bench trial. Thereafter the State decided to prosecute him on Counts 1 through 40. He unsuccessfully moved to dismiss those counts on various grounds, including collateral estoppel and the double jeopardy clause of the Fifth Amendment applicable to the states through the Fourteenth Amendment. The Appellate Court of Illinois affirmed, and the Illinois Supreme Court denied his petition for leave to appeal.
 
 
 2
 Judge Alesia granted Su's subsequent petition for a writ of habeas corpus on the basis of the double jeopardy clause because the State was planning to present the same evidence at the second trial as in the first trial to show Su's intent. See Ashe v. Swenson, 397 U.S. 436.
 
 
 3
 In the district court, the defendants were Robert F. Casey, who is the State's Attorney of Kane County, John Randall, its Sheriff, and then-Illinois Attorney General Hartigan. However, none of the respondents was named in the notice of appeal filed by an Assistant Attorney General of Illinois. Instead, the notice of appeal provided:
 
 
 4
 Notice is hereby given that respondents, by their attorney, NEIL F. HARTIGAN, Attorney General of the State of Illinois, hereby appeals [sic] to the United States Court of Appeals for the Seventh Circuit, from an order granting the petitioner's petition for a writ of habeas corpus entered in this action on the 11th day of May, 1990.
 
 
 5
 It should be noted that the only person named in the body of the notice of appeal was the attorney for the respondents.
 
 
 6
 Federal Rule of Appellate Procedure 3(c) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal." The Supreme Court has recognized the jurisdictional import of this rule, holding that "[t]he failure to name a party in a notice of appeal * * * constitutes a failure of that party to appeal." Torres v. Oakland Scavenger Co., 487 U.S. 312, 314. This Court has consistently followed Torres in similar circumstances.* Accordingly, the notice of appeal was defective and the appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 Pride v. Venango River Corporation, 916 F.2d 1215 (1990); Hartford Casualty Ins. Co. v. Borg Warner Corporation, 913 F.2d 419 (1990); Bigby v. City of Chicago, 871 F.2d 54 (1989); Allen Archery, Inc. v. Precision Shooting Equipment, Inc., 857 F.2d 1176 (1988)