**Donald Leroy ADKINS, Appellant,**

v.

**SAFEWAY, INC., et al.**

No. 91–7136.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 5, 1993.
Decided Feb. 26, 1993.

Arnold B. Podgorsky, argued the cause, and filed the briefs, for appellant.

Neal D. Mollen, of the bar of the Supreme Court of Virginia, pro hac vice, by special leave of the court, argued the cause for appellee Safeway, Inc. With him on the brief was Richard C. Hotvedt.

John R. Mooney, argued the cause, for appellee Milk Drivers and Dairy Employees Union Local No. 246.

Before: BUCKLEY, SENTELLE, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

When the attorneys jointly representing Donald L. Adkins and twelve other dairy truck drivers sought to appeal the district court's dismissal of their clients' age discrimination suit, they filed a notice of appeal captioned *"DONALD LEROY ADKINS, et al., Plaintiffs vs. SAFEWAY STORES, INC., et al., Defendants."* The body of the notice stated, in its entirety:

### PLAINTIFFS' JOINT NOTICE OF APPEAL

Pursuant to Rule 3 of the Federal Rules of Appellate Procedure, plaintiffs respectfully notice their appeal to the United States Court of Appeals for the District of Columbia Circuit from the Memorandum Opinion And Order filed in this action on June 21, 1991.

On defendants' motions to dismiss, a panel of this court held that Adkins' twelve fellow plaintiffs had not complied with Rule 3, Fed.R.App.P., and dismissed their appeal. 968 F.2d 1317 (D.C.Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 968, 122 L.Ed.2d 123 (1993). The motions panel referred the question whether Adkins had perfected his appeal to the panel considering the merits. We hold that Adkins has properly appealed but reject his age discrimination claim.

■ Rule 3(c) of the appellate rules provides that "[t]he notice of appeal shall specify the party or parties taking the appeal...." The Supreme Court in *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988), read Rule 3(c) to require "some designation that gives fair notice of the specific individual or entity seeking to appeal." The Court's reading in *Torres* resulted in its dismissing, on jurisdictional grounds, the appeal of one plaintiff (there were sixteen altogether) not named in the notice of appeal. In the earlier decision in this case, the motions panel concluded that the generic term "plaintiffs," standing alone, did not provide adequate notice under *Torres* of the appeals of the non-captioned plaintiffs. *See* 968 F.2d at 1319.

Appellees Safeway, Inc., and Local No. 246 of the Milk Drivers and Dairy Employees Union now contend that the presence of Adkins' name in the caption of the notice did not satisfy the appellate rules. Their argument goes like this. Notices of appeal, although governed by the Federal Rules of Appellate Procedure, are filed with the clerks of the district courts. Rule 10(a) of the Federal Rules of Civil Procedure provides that for "pleadings" other than complaints, "it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." Rule 7(b)(2), Fed.R.Civ.P., also allows the use of such short-form captions in "all motions and other papers provided for by these rules." Appellees say the caption of the notice of appeal in this case merely complied with these rules. Viewed in light of the rules, so the argument goes, the notice conveyed to the reader simply that Adkins was a plaintiff and that he was the first party listed in the complaint, neither of which says anything about his intentions regarding appeal.

The immediate problem with the argument is its misconstruction of the rules of civil procedure. A notice of appeal is not a "pleading." Only complaints, answers, replies to counterclaims, and third-party complaints and third-party answers are "pleadings." Rule 7(a), Fed.R.Civ.P. And a notice of appeal is not, under Rule 7(b)(2), a motion or other paper "provided for by" the Federal Rules of Civil Procedure. Notices of appeal are "provided for by" the rules of appellate procedure. Therefore, neither Rule 10(a) nor Rule 7(b)(2) applies and there is no reason why anyone should have read Adkins' notice in light of those rules.

At any rate, we will not encumber Rule 3 with such quiddities. Someone was appealing. The question was "Who?" The body of the notice answered "plaintiffs." This meant more than one. But which ones?

"Plaintiffs," the motions panel held, does not necessarily encompass "all plaintiffs." 968 F.2d at 1319. The reference in the notice to the district court's order granting summary judgment scarcely cleared things up. All plaintiffs had presented identical legal claims. All lost on the same ground in the same order. But from reviewing the notice of appeal, appellees at least knew what legal position on the merits they were going to have to defend in this court. Furthermore, even though the term "plaintiffs" did not necessarily signify "all plaintiffs," appellees could hardly have taken "plaintiffs" to mean "no plaintiffs." "DONALD LEROY ADKINS" in the caption proclaimed at a minimum that he was appealing. Using a person's name in the caption designates the person as a "party" to the appeal, at least when nothing in the body of the notice states otherwise. This distinguishes the case from *Torres*, where the omission of Torres' name from an otherwise-exhaustive list of the plaintiffs seeking to appeal suggested that Torres was not among them. The appearance of Adkins' name in the caption also quells the practical concern, expressed in *Torres*, that without specificity, future courts would not know whether an *unnamed* person should be considered to have been a party and thus bound by an adverse judgment. *See* 487 U.S. at 318, 108 S.Ct. at 2409.

Our approach is consonant with *Milanovich v. Costa Crociere, S.p.A.*, 938 F.2d 297 (D.C.Cir.1991), holding that the caption "Gregory Milanovich *et ux.*" on a notice of appeal filed on behalf of "plaintiffs" preserved the appeals of both Milanovich and his wife. By definition the *"ux."* had to refer to Milanovich's wife, and with only two plaintiffs in the district court, the term "plaintiffs" in the body could only mean that both Milanovichs sought to appeal. 938 F.2d at 298. *Cf. Chennareddy v. Bowsher*, 935 F.2d 315, 318 n. 2 (D.C.Cir. 1991).

Our holding that a person whose name appears in the caption of a notice of appeal, followed by *"et al.,"* has perfected his appeal although the body of the notice describes those appealing merely as "plaintiffs," is also consistent with similar post-*Torres* decisions of the overwhelming majority of courts of appeals. *See General Elec. Co. v. Lehnen*, 974 F.2d 66, 67 (8th Cir.1992); *Cammack v. Waihee*, 932 F.2d 765, 769 n. 7 (9th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 3027, 120 L.Ed.2d 898 (1992); *Laidley v. McClain,* 914 F.2d 1386, 1388–90 (10th Cir.1990); *Cruz v. Melendez*, 902 F.2d 232, 235–36 (3d Cir.1990); *Minority Employees of Tenn. Dep't of Employment Sec., Inc. v. State of Tenn., Dep't of Employment Sec.*, 901 F.2d 1327, 1335–36 (6th Cir.) (en banc), *cert. denied,* 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990); *Barnett v. Petro–Tex Chem. Corp.*, 893 F.2d 800, 805 (5th Cir.), *cert. denied,* 497 U.S. 1025, 110 S.Ct. 3274, 111 L.Ed.2d 784 (1990); *Mariani–Giron v. Acevedo–Ruiz*, 877 F.2d 1114, 1116 (1st Cir. 1989). In each of these cases, the caption of the notice of appeal named one putative appellant followed by *"et al."* while the body contained non-specific language like "defendants" or "plaintiffs above-named." Each court held that the notice perfected the appeal of the person named in the caption but not his fellow plaintiffs or defendants. (*Cammack* so held in the alternative, after finding the notice adequate for the unnamed plaintiffs.) *See also Shatah v. Shearson/American Express, Inc.*, 873 F.2d 550, 552 (2d Cir.1989); *Cotton v. U.S. Pipe & Foundry Co.*, 856 F.2d 158, 161–62 (11th Cir.1988). Only the Seventh Circuit has squarely held to the contrary. The Seventh Circuit derived its rule from *Allen Archery, Inc. v. Precision Shooting Equipment, Inc.*, 857 F.2d 1176, 1177 (7th Cir.1988) (per curiam), a case in which the caption of the notice of appeal named defendants Precision Shooting Equipment and Paul Shepley but the body declared: "Notice is hereby given that Precision Shooting Equipment, Inc., defendant, hereby appeals...." The court held that this notice was insufficient for Shepley. *Allen Archery* itself stands for the rather unremarkable proposition that when there is a conflict between the caption and the body of the notice, the body controls. But the Seventh Circuit later relied on *Allen Archery* in cases where, like Adkins', no conflict

between the caption and the body existed. *See Pride v. Venango River Corp.*, 916 F.2d 1250, 1251, 1253 (7th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1696, 114 L.Ed.2d 89 (1991); *Bigby v. City of Chicago*, 871 F.2d 54, 56–57 (7th Cir.1989). Neither *Pride* nor *Bigby* acknowledged this difference. Both ruled that only the body of the notice may be consulted to decide whether a party below has properly appealed. *Compare Hartford Casualty Ins. Co. v. Borg–Warner Corp.*, 913 F.2d 419, 422–24 (7th Cir.1990). Our decision in *Milanovich*, however, looked to the caption (and the body) to determine who was appealing. We therefore join the majority of the other circuits and hold that Adkins perfected his appeal.

■ This brings us to the merits. Adkins and the twelve other plaintiffs are dairy delivery drivers Safeway hired before 1969 and paid, in part, on a commission basis. Drivers Safeway hired after 1969 were paid solely on an hourly basis. By 1989, the pre–1969 workers were being paid an average of $53,210 annually, while the post–1969 workers were receiving $38,483 for exactly the same work. Under the terms of a collective bargaining agreement executed that year between Safeway and Local 246, all drivers are now paid only an hourly wage. (A number of non-wage benefits continue to be allocated on a seniority basis.) According to the affidavit of a Safeway official, the change was intended to bring the company's pay structure into line with its competitors, and to further efficiency in delivery operations. The change has had the undisputed effect of reducing the average wages of Adkins and his fellow pre–1969 drivers while increasing the average wages of the post–1969 drivers. Noting that the pre–1969 drivers averaged 54 years of age, while the post–1969 drivers were on average 8 years younger (Adkins was 54 in 1989), plaintiffs filed suit under the Age Discrimination in Employment Act, 29 U.S.C. § 623.

Judge Lamberth's well-reasoned opinion granting defendants' motion for summary judgment concluded that plaintiffs had failed to establish a prima facie case of discrimination and therefore had not shifted the burden to defendants to justify the pay change as the product of a legitimate nondiscriminatory motive. *See generally Cuddy v. Carmen*, 694 F.2d 853, 856–57 (D.C.Cir.1982). Judge Lamberth wrote:

[T]he facts in the present case do not permit an inference of age discrimination as a factor leading to the elimination of the commission system. The court rejects plaintiffs' attempt to establish a prima facie case by showing a disparity in the average age of the pre– and post–1969 drivers (54 and 46 years old, respectively). The court believes that plaintiffs' attempt to stress the difference in average age obscures consideration of the actual factual scenario which reveals that the decision to eliminate the commission system had nothing to do with age.

A comparison of the undisputed age of each pre– and post–1969 driver does not permit an inference of discrimination. While the pre–1969 group does have some individuals who are older than any in the post–1969 group, the post–1969 group has many individuals who are the same age or older than numerous individuals in the pre–1969 group. The court finds that the evidence of the differences in respective ages of individuals of the two dairy driver groups is insufficient to permit an inference of discrimination.

Memorandum Opinion and Order, No. 89–3054, 1991 WL 120194 (D.D.C. June 21, 1991), at 10.

We entirely agree with Judge Lamberth's analysis. For the reasons he gave, Adkins has manifestly failed to present sufficient evidence of age discrimination by Safeway or Local 246 to survive summary judgment.

Therefore, the district court's order granting summary judgment and dismissing the complaint is affirmed.