69 F.3d 547
 RICO Bus.Disp.Guide 8930
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ARENA LAND & INVESTMENT CO., INC., a Utah corporation; Dave
McGee, John Satterfield, Jean Pinto, Gary Blatter, Brian
Johnson, Mike Stevens, Doug Christiansen, Ray Lowe, William
J. Pappas, Bart Jackson, Lisa Jackson, Sherrie Pappas, James
Friedman, Neil Zais, Kenneth R. McClain, individually and on
behalf of the class of all persons similarly situated,
Plaintiffs-Appellants,
v.
Neuman C. PETTY, Robert M. Bryson, Nupetco Associates, a
general partnership; Ralph C. Petty, Wayne G. Petty, Brent
G. Petty, Keith A. Petty, Albert S. Petty, Ireva G. Petty,
Ireva P. Ozawa, Global Oil & Gold Company, a "publicly-held"
Utah corporation; Sugarhouse Finance Company, a dba of
Nupetco Associates; Petty Investment Company, a dba of
Neuman C. Petty; Petty Motor Company, or Petty Motor
Company, Inc., a Utah corporation; P & L Land Company, a
dba of Neuman C. Petty and/or Nupetco Associates,
Defendants-Appellees.
 No. 94-4196.
(D.C.No. 89-CV-1444).
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1995.
 
 Before BALDOCK, BRORBY and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRORBY, Circuit Judge.
 
 
 1
 Arena Land & Investment Company (hereinafter "Arena") appeals the district court's order dismissing its third amended complaint with prejudice pursuant to Fed.R.Civ.P. 8, 9(b), 12(b)(1) and 12(b)(6).[2] We affirm.
 
 
 2
 Arena and fifteen others brought suit alleging violations under the Securities Exchange Act of 1934, the Securities Act of 1933, and the Racketeer Influenced and Corrupt Organizations Act as well as various pendant state law claims. A magistrate judge assigned to the case recommended dismissal of the initial complaint under Fed.R.Civ.P. 8. The initial complaint was 143 pages long, alleged thirty-six counts and was accompanied by 273 pages of exhibits. The magistrate judge's order, which the district court adopted, clearly explained the complaint's legal and structural deficiencies. Arena was given three chances to amend the complaint before the district court finally dismissed the third amended complaint, which was eighty-nine pages long, with prejudice. The district court's order thoroughly discussed the applicable law supporting its dismissal and provided alternative bases for dismissal under Fed.R.Civ.P. 8, 9(b), 12(b)(1) and 12(b)(6).
 
 I.
 
 3
 The district court dismissed Arena's third amended complaint for violating Fed.R.Civ.P. 8, and found alternatively the complaint also violated Fed.R.Civ.P. 9(b), 12(b)(1) and 12(b)(6). We agree, finding Arena's Rule 8 violations egregious enough to warrant dismissal of the third amended complaint. Under Fed.R.Civ.P. 8 appellants needed to set forth a short and plain statement of the claim showing they were entitled to relief. Arena failed to do so. The third amended complaint is wordy, repetitive and fails to allege the necessary elements of the claims it is asserting. Indicative of the complaint's inadequacy is the fact that it rambles on for sixty-four pages before reaching the first claim for relief. It is neither the court's nor the appellees' role to sift through a lengthy, conclusory and poorly written complaint to piece together the cause of action. Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371-72 (10th Cir.1989).
 
 
 4
 The district court based its dismissal on Arena's failure to heed previous court directions to delete "scandalous, impertinent and redundant matter" and the complaint's confusing grammatical and structural problems that contained legal conclusions unsupported by relevant facts. In short, the court found the complaint denied the defendants adequate notice of the claims being brought against them. We agree with the district court's conclusions. After reviewing the third amended complaint it is difficult to tell what exactly the appellees have done that makes them liable to the appellants. The third amended complaint contains a long litany of the evils committed by Michael Strand, but fails to specify how or why the appellees are responsible for the actions of a man who is not a party to this lawsuit. Arena merely makes conclusory statements alleging that the appellees owed the appellants a duty to disclose certain information, and were coconspirators and "controllers" of Mr. Strand.
 
 
 5
 Appellants contend the district court's mandate that they plead the Racketeer Influenced and Corrupt Organizations Act and fraud claims with particularity pursuant to Fed.R.Civ.P. 9 combined with Rule 8's brevity requirements created the impossible dilemma of having a complaint that was "both too long and too short at the same time." Appellants miss the point of both Rule 8 and Rule 9. As this case exemplifies, mere wordiness is not what it takes to state a cause of action under Rule 9. It is a matter of precision, not length that is required. Vague and conclusory assertions, regardless of how long or how short, are inadequate to state such causes of action. Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir.1989). Arena could have met the requirements of Rules 8 and 9 by alleging specific times, dates and actions of the appellees in a concise manner.
 
 
 6
 The district court was more than patient in providing Arena three chances to amend its initial complaint. The district court's order dismissing Arena's third amended complaint with prejudice is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Appellant failed to list fifteen of the sixteen plaintiffs in its notice of appeal, which under Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988), may defeat jurisdiction as to those parties. Assuming, arguendo, that Torres has been overruled sub silentio by newly amended Fed. R.App. P. 3(c), we would still have jurisdiction over at least one party. Our disposition of the case remains the same under either analysis