**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DOE; JANE DOE,

                Plaintiffs-Appellants,

  v.

IVO TANKU TAPANG,

                Defendant-Appellee.

No.   20-15361

D.C. No. 5:18-cv-07721-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted January 15, 2021
San Francisco, California

Before:  WALLACE and M. SMITH, Circuit Judges, and LASNIK,[**] District
Judge.

    Jane Doe and John Doe appeal from the dismissal of six of their claims

under Federal Rule of Civil Procedure 12(b)(6), the denial of their second motion

for a temporary restraining order, the dismissal of the case with prejudice as a

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

discovery sanction, and the award of fees under 28 U.S.C. § 1927. Except as noted below, we have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1).[1] We affirm.

The district court's dismissal for failure to state a claim under Rule 12(b)(6) is reviewed *de novo*. *O'Brien v. Welty*, 818 F.3d 920, 929 (9th Cir. 2016). "[Accepting] all factual allegations in the complaint as true and constru[ing] the pleadings in the light most favorable to the nonmoving party," *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009), plaintiffs failed to allege sufficient facts in support of their first and fourth claims to give rise to a plausible inference that defendant's stateside conduct proximately caused the deaths of plaintiffs' relatives in Cameroon, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With regards to the seventh, eighth, ninth, and tenth claims, we decline to

---

[1] As a preliminary matter, defendant asserts that the Ninth Circuit lacks jurisdiction to hear an appeal of an unidentified "Doe" litigant. The only case cited for this proposition is *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), in which only 15 of the 16 intervenors in the district court proceeding were identified as appellants in the notice of appeal. The Supreme Court held that the omission of Torres' name from the notice was not merely "an excusable 'informality'; it constitutes a failure of that party to appeal." *Id.* at 314. The circumstances presented here are materially different. In this case, as in many others, the Doe plaintiffs were identified as such in the district court records and were named as the parties taking the appeal. Defendant offers no authority for the proposition that the use of a pseudonym invalidates an appeal or deprives the appellate court of jurisdiction.

address plaintiffs' challenges to the order of dismissal because they did not file large portions of the record necessary for us to decide the issues raised.

We lack jurisdiction to review the denial of a temporary restraining order because the denial was not tantamount to the denial of a preliminary injunction. *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (recognizing that an appeal does not lie from the denial of an application for a temporary restraining order unless the denial followed a full adversary hearing and effectively foreclosed the pursuit of further interlocutory relief).

Although dismissal as a discovery sanction is a harsh penalty, we review a district court's dismissal under Rule 41(b) for abuse of discretion and will overturn the decision "only if we have a definite and firm conviction that [dismissal] was clearly outside the acceptable range of sanctions." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (internal quotation marks omitted). We also review a district court's decision regarding an award of attorney's fees under 28 U.S.C. § 1927 for abuse of discretion. *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012). The district court made all necessary findings related to the dismissal and fee award, and plaintiffs have not shown an error, much less an abuse of discretion.

**AFFIRMED.**

3