**Marvin K. HAMMON, et al., Appellants,**

v.

**Sharon Pratt KELLY, et al.**

**No. 92–7067.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 19, 1992.

Decided Dec. 15, 1992.

Rehearing and Rehearing En Banc
Denied Feb. 17, 1993.

Joan A. Burt, for appellants.

Charles L. Reischel, Deputy Counsel, Office of the Corp. Counsel, with whom John Payton, Corp. Counsel, Washington, D.C., was on the brief, for appellees Sharon Pratt Kelly, et al.

George H. Cohen, Robert M. Weinberg, and Jeremiah A. Collins, Washington, D.C., were on the brief, for appellee Local 36, Intern. Ass'n of Fire Fighters.

Before: WALD, SILBERMAN, and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed PER CURIAM.

Opinion concurring in the judgment filed by Circuit Judge WALD.

PER CURIAM:

■ Plaintiffs are a class of individuals certified by the district court. The notice of appeal specifies the parties taking the appeal as: "Marvin K. Hammon, et. al." Mayor Kelly and the District of Columbia challenge this court's jurisdiction because of the plaintiffs' failure to specify the party taking appeal pursuant to FED.R.APP.P. 3(c). Plaintiffs respond that FED.R.APP.P. 3(c)'s strictures do not apply to class action suits. We hold that FED.R.APP.P. 3(c) requires the notice of appeal, even in a class action suit, to specify a proper appellant.

\* \* \* \* \* \*

This appeal is another step in a long, tortuous run of litigation. To summarize briefly, this case had its genesis in 1980, when the plaintiffs filed charges alleging a variety of discriminatory practices by the District of Columbia Fire Department. It passed through this circuit once before, *see Hammon v. Barry,* 813 F.2d 412 (D.C.Cir.), reh'g denied, 826 F.2d 73 (D.C.Cir.1987), cert. denied, 486 U.S. 1036, 108 S.Ct. 2023, 100 L.Ed.2d 610 (1988), and thereafter the parties reached a settlement in 1990. During the implementation of the settlement agreement, plaintiffs' counsel challenged the continuing role of the special master appointed by the district judge. Counsel also sought the release of interim attorney's fees. On April 1, 1992, the district judge rejected both requests. Plaintiffs' counsel then filed the appeal presently before us.

Counsel filed the notice of appeal on April 9, 1992, well within the 30–day period required by FED.R.APP.P. 4(a). The notice stated: "Notice is hereby given … that MARVIN K. HAMMON, et. al., hereby appeals" the district court's order. Mr. Hammon died in the fall of 1991, thereby raising the jurisdictional question of whether the proper parties have filed this appeal. FED. R.APP.P. 3(c) provides in part that a notice of appeal "shall specify the party or parties taking the appeal." When a federal court does not have jurisdiction over the named party, the Supreme Court has held that the remaining phrase "et al." cannot satisfy the specificity requirements of FED.

R.APP.P. 3(c). *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988). "The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase 'et al.,' which literally means 'and others,' utterly fails to provide such notice to either intended recipient." *Id.* The Court held, moreover, that a party's failure to satisfy FED.R.APP.P. 3(c) creates a jurisdictional bar to the appeal. *Id.* at 317–18, 108 S.Ct. at 2409.

■ Although *Torres* would appear to preclude this appeal automatically, we previously reserved the question whether the *Torres* rule applies to class action suits. *Walsh v. Ford Motor Co.,* 945 F.2d 1188, 1192 (D.C.Cir.1991). A minor circuit rift has emerged over the issue. The Fifth Circuit has held that "et al." provides sufficient notice in class action suits, *see Rendon v. AT & T Technologies,* 883 F.2d 388, 398 n. 8 (5th Cir.1989), while the Seventh Circuit has decided the other way, *see Ooley v. Schwitzer Div., Household Mfg., Inc.,* 961 F.2d 1293, 1305–06 (7th Cir.), cert. denied, — U.S. —, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992). We think the Seventh Circuit has the better of it. There is no clear reason why *Torres* should be limited to non-class action lawsuits. The Supreme Court's reasoning in *Torres* applies equally well to class action suits: "Permitting such vague designation [as "et al."] would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions." *Torres,* 487 U.S. at 318, 108 S.Ct. at 2409. We agree with the Seventh Circuit that "et al." in the class action context cannot provide the fair notice required by FED.R.APP.P. 3(c). Instead, the notice of appeal should state the name of a proper class representative along with some general invocation of his representative capacity, such as "John Smith, individually and on behalf of all other persons similarly situated" or "John Smith, as class representative." Because

the plaintiff in this case failed to indicate his representative status in the notice of appeal, we lack jurisdiction over the appeal and therefore do not reach the other issues raised by plaintiffs' counsel.

*So Ordered.*

WALD, Circuit Judge, concurring in the judgment:

I agree with my colleagues that we have no jurisdiction over this appeal, but I write separately because I do not believe that we need to determine whether *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), applies to all class actions to reach that conclusion. Because the only individual named on the notice of this appeal is dead, no current member of the class has appealed the district court's decision. We have previously stated that even in class actions, *"et al."* would not provide jurisdiction where no proper individual party has appealed, *see Walsh v. Ford Motor Co.*, 945 F.2d 1188, 1192 (D.C.Cir.1991), and that guidance is sufficient to dispose of this case. We also said in *Walsh:* "Delineation for this circuit of what Rule 3(c) requires in class actions ... should await the advent of litigation in which the named party appears qualified to pursue the appeal." *Id.* That admonition is still sound today.