**Robert GRIFFITH, et al.,
Plaintiffs, Appellants,**

**v.**

**Louis M. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant, Appellee.**

**No. 92–2079.**

United States Court of Appeals,
First Circuit.

Heard Jan. 7, 1993.

Decided March 2, 1993.

---

Sarah F. Anderson, Greater Boston Legal Services, with whom Diane F. Paulson, Massachusetts Medicare Advocacy Project, Greater Boston Elderly Legal Services, Boston, MA, and Alfred J. Chiplin, Jr., Nat. Senior Citizens Law Center, Washington, DC, were on brief for plaintiffs, appellants.

Gerard Keating, Attorney, Dept. of Health and Human Services, Office of the Gen. Counsel, with whom Stuart M. Gerson, Asst. Atty. Gen., Washington, DC, A. John Pappalardo, U.S. Atty., Boston, MA, Susan K. Zagame, Acting Gen. Counsel, Darrel J. Grinstead, Associate Gen. Counsel, and Henry R. Goldberg, Deputy Associate Gen. Counsel for Litigation, U.S. Dept. of Health and Human Services, Washington, DC, were on brief for defendant, appellee.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

**TORRUELLA, Circuit Judge.**

Appellants seek relief from the district court's dismissal of their challenge to the Medicaid Part B reimbursement process. We do not reach the merits of appellant's claims, because we lack appellate jurisdiction.

## FACTS

As the facts relevant to the merits of this case are set forth fully in the district court opinion,[1] we do not repeat them here. We will recount only those facts pertinent to the issue of appellate jurisdiction.

Robert Griffith commenced this case with Katherine Nadworny "for themselves and all others similarly situated." Plaintiffs claimed that they were denied coverage for durable medical equipment under Medicare Part B in violation of statutory and constitutional law.[2] The complaint indicated plaintiffs' intent to seek class certification.

Before the district court certified the class, the Department of Health and Human Services ("HHS") sent checks to Griffith and Nadworny for the amount they would have received had their Medicare Part B claims been granted.

The district court later certified a class, substituting June Burns and Amelio Bianchi as class representatives. Robert Griffith and Katherine Nadworny continued to sue individually. The district court found no merit in the substance of plaintiffs' claims, and this appeal followed.

The notice of appeal in this case was filed with the style of "Robert Griffith, et al., plaintiffs." It stated in relevant part "Robert Griffith, et al., plaintiffs named above, hereby appeal...."

## LEGAL ANALYSIS

■ Fed.R.App.P. 3(c) plainly requires that "[t]he notice of appeal shall specify the party or parties taking the appeal."

1. Reported at 789 F.Supp. 478 (D.Mass.1992).

2. Plaintiffs claimed violations of the Medicare Act, Pub.L. No. 89–97, 79 Stat 286 (codified as amended in scattered sections of 42 U.S.C., principally §§ 1395 *et seq.*), the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, 701 *et seq.*, 3105 & 3344, and the Due Process Clause of the United States Constitution.

The rule is a jurisdictional threshold; its requirements must be met before we can exercise jurisdiction over an appeal. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314–15, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988). Thus, the "failure to name a party in a notice of appeal … constitutes a failure of that party to appeal." *Id.* at 314, 108 S.Ct. at 2407. The rule ensures that both the appellee and the court receive notice of the identity of the appellants, and that the appellee and the court are advised as to exactly who is bound by an adverse judgment and who is not. *Id.* at 318, 108 S.Ct. at 2409.

 Appellant argues that the "Robert Griffith, et al." designation sufficed to properly name the certified class as a party to the appeal. We disagree. "Et al." does not provide the necessary specificity for us, or appellee, to know who besides Robert Griffith is a party. As the Supreme Court stated, "use of the phrase 'et al.,' which literally means 'and others,' utterly fails to provide such notice to either intended recipient." *Id.* The fact that a class has been certified does not make "et al." suddenly effective. *Hammon v. Kelly*, 980 F.2d 785, 786 (D.C.Cir.1992); *Ooley v. Schwitzer Div., Household Mfg., Inc.* 961 F.2d 1293, 1305–06 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992).

The decisions in *Rendon v. A.T. & T. Technologies*, 883 F.2d 388, 398 n. 8 (5th Cir.1989) and *Al–Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1061 n. 1 (2d Cir. 1989), *cert. denied, Mancusi v. Al–Jundi*, —— U.S. ——, 112 S.Ct. 182, 116 L.Ed.2d 143 (1991), are not contrary to our result. In those cases, the courts held that when the class representative was named in the notice of appeal, with the designation "et al." following, the entire class had appealed properly. In the present case, however, even the minimal requirement imposed by the Fifth and Second Circuits was not met: the class representative was not named. As neither the class nor any other potential appellant was named as a proper party to this appeal, we have no jurisdiction over their claims.

 For the purpose of informing future class action appellants exactly what this court expects the notice of appeal to contain, we adopt the requirement imposed by the Seventh Circuit and the D.C. Circuit. As the D.C. Circuit framed this requirement, "the notice of appeal should state the name of a proper class representative along with some general invocation of his representative capacity, such as 'John Smith, individually and on behalf of all other persons similarly situated' or 'John Smith, as class representative.' " *Hammon*, 980 F.2d at 786.

 The only remaining plaintiff is Robert Griffith. We must dismiss his appeal as moot because, as the district court noted, he has already received everything that he claims he was entitled to recover. *Wilson v. Secretary of Health & Human Services*, 671 F.2d 673, 679 (1st Cir.1982).

*Appeal dismissed.*