March 2, 1993 UNITED STATES COURT OF APPEALS
For The First Circuit

No. 92-2079

ROBERT GRIFFITH, ET AL.,

Plaintiffs, Appellants,

v.

LOUIS M. SULLIVAN, M.D., SECRETARY
OF HEALTH AND HUMAN SERVICES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Circuit Judge,

Campbell, Senior Circuit Judge,

and Stahl, Circuit Judge.

Sarah F. Anderson, Greater Boston Legal Services, with whom

Diane F. Paulson, Massachusetts Medicare Advocacy Project,

Greater Boston Elderly Legal Services, and Alfred J. Chiplin,

Jr., National Senior Citizens Law Center, were on brief for

appellants.
Gerard Keating, Attorney, Department of Health and Human

Services, Office of the General Counsel, with whom Stuart M.

Gerson, Assistant Attorney General, A. John Pappalardo, United

States Attorney, Susan K. Zagame, Acting General Counsel, Darrel

J. Grinstead, Associate General Counsel, and Henry R. Goldberg,

Deputy Associate General Counsel for Litigation, U.S. Department
of Health and Human Services, were on brief for appellee.

March 2, 1993

TORRUELLA, Circuit Judge. Appellants seek relief from

the district court's dismissal of their challenge to the Medicaid

Part B reimbursement process. We do not reach the merits of

appellant's claims, because we lack appellate jurisdiction.

FACTS

As the facts relevant to the merits of this case are

set forth fully in the district court opinion,1 we do not repeat

them here. We will recount only those facts pertinent to the

issue of appellate jurisdiction.

Robert Griffith commenced this case with Katherine

Nadworny "for themselves and all others similarly situated."

Plaintiffs claimed that they were denied coverage for durable

medical equipment under Medicare Part B in violation of statutory

and constitutional law.2 The complaint indicated plaintiffs'

intent to seek class certification.

Before the district court certified the class, the

Department of Health and Human Services ("HHS") sent checks to

Griffith and Nadworny for the amount they would have received had

their Medicare Part B claims been granted.

The district court later certified a class,

substituting June Burns and Amelio Bianchi as class

1 Reported at 789 F. Supp. 478 (D. Mass. 1992).

2 Plaintiffs claimed violations of the Medicare Act, Pub. L. No.
89-97, 79 Stat 286 (codified as amended in scattered sections of
42 U.S.C., principally 1935 et seq.), the Administrative

Procedures Act, 5 U.S.C. 551 et seq., 701 et seq., 3105 &

3344, and the Due Process Clause of the United States
Constitution.

-3-

representatives. Robert Griffith and Katherine Nadworny

continued to sue individually. The district court found no merit

in the substance of plaintiffs' claims, and this appeal followed.

The notice of appeal in this case was filed with the

style of "Robert Griffith, et al., plaintiffs." It stated in

relevant part "Robert Griffith, et al., plaintiffs named above,

hereby appeal . . . ."

LEGAL ANALYSIS

Fed. R. App. P. 3(c) plainly requires that "[t]he

notice of appeal shall specify the party or parties taking the

appeal." The rule is a jurisdictional threshold; its

requirements must be met before we can exercise jurisdiction over

an appeal. Torres v. Oakland Scavenger Co., 487 U.S. 312, 314-15

(1988). Thus, the "failure to name a party in a notice of appeal

. . . constitutes a failure of that party to appeal." Id. at

314. The rule ensures that both the appellee and the court

receive notice of the identity of the appellants, and that the

appellee and the court are advised as to exactly who is bound by

an adverse judgment and who is not. Id. at 318.

Appellant argues that the "Robert Griffith, et al."

designation sufficed to properly name the certified class as a

party to the appeal. We disagree. "Et al." does not provide the

necessary specificity for us, or appellee, to know who besides

Robert Griffith is a party. As the Supreme Court stated, "use of

the phrase 'et al.,' which literally means 'and others,' utterly

fails to provide such notice to either intended recipient." Id.

-4-

The fact that a class has been certified does not make "et al."

suddenly effective. Hammon v. Kelly, 980 F.2d 785, 786 (D.C.

Cir. 1992); Ooley v. Schwitzer Div., Household Mfg., Inc. 961

F.2d 1293, 1305-06 (7th Cir.), cert. denied, 61 U.S.L.W. 3261

(1992).

The decisions in Rendon v. A.T. & T. Technologies, 883

F.2d 388, 398 n.8 (5th Cir. 1989) and Al-Jundi v. Estate of

Rockefeller, 885 F.2d 1060, 1061 n.1 (2d Cir. 1989), cert.

denied, Mancusi v. Al-Jundi, 112 S. Ct. 182 (1991), are not

contrary to our result. In those cases, the courts held that

when the class representative was named in the notice of appeal,

with the designation "et al." following, the entire class had

appealed properly. In the present case, however, even the

minimal requirement imposed by the Fifth and Second Circuits was

not met: the class representative was not named. As neither the

class nor any other potential appellant was named as a proper

party to this appeal, we have no jurisdiction over their claims.

For the purpose of informing future class action

appellants exactly what this court expects the notice of appeal

to contain, we adopt the requirement imposed by the Seventh

Circuit and the D.C. Circuit. As the D.C. Circuit framed this

requirement, "the notice of appeal should state the name of a

proper class representative along with some general invocation of

his representative capacity, such as 'John Smith, individually

and on behalf of all other persons similarly situated' or 'John

Smith, as class representative.'" Hammon, 980 F.2d at 786.

-5-

The only remaining plaintiff is Robert Griffith. We

must dismiss his appeal as moot because, as the district court

noted, he has already received everything that he claims he was

entitled to recover. Wilson v. Secretary of Health & Human

Services, 671 F.2d 673, 679 (1st Cir. 1982).

Appeal dismissed.

-6-