USCA1 Opinion

 

 March 2, 1993 UNITED STATES COURT OF APPEALS For The First Circuit ____________________ No. 92-2079 ROBERT GRIFFITH, ET AL., Plaintiffs, Appellants, v. LOUIS M. SULLIVAN, M.D., SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Sarah F. Anderson, Greater Boston Legal Services, with whom _________________ Diane F. Paulson, Massachusetts Medicare Advocacy Project, __________________ Greater Boston Elderly Legal Services, and Alfred J. Chiplin, ___________________ Jr., National Senior Citizens Law Center, were on brief for ___ appellants. Gerard Keating, Attorney, Department of Health and Human _______________ Services, Office of the General Counsel, with whom Stuart M. __________ Gerson, Assistant Attorney General, A. John Pappalardo, United ______ ___________________ States Attorney, Susan K. Zagame, Acting General Counsel, Darrel ________________ ______ J. Grinstead, Associate General Counsel, and Henry R. Goldberg, ____________ _________________ Deputy Associate General Counsel for Litigation, U.S. Department of Health and Human Services, were on brief for appellee. ____________________ March 2, 1993 ____________________ TORRUELLA, Circuit Judge. Appellants seek relief from _____________ the district court's dismissal of their challenge to the Medicaid Part B reimbursement process. We do not reach the merits of appellant's claims, because we lack appellate jurisdiction. FACTS FACTS _____ As the facts relevant to the merits of this case are set forth fully in the district court opinion,1 we do not repeat them here. We will recount only those facts pertinent to the issue of appellate jurisdiction. Robert Griffith commenced this case with Katherine Nadworny "for themselves and all others similarly situated." Plaintiffs claimed that they were denied coverage for durable medical equipment under Medicare Part B in violation of statutory and constitutional law.2 The complaint indicated plaintiffs' intent to seek class certification. Before the district court certified the class, the Department of Health and Human Services ("HHS") sent checks to Griffith and Nadworny for the amount they would have received had their Medicare Part B claims been granted. The district court later certified a class, substituting June Burns and Amelio Bianchi as class ____________________ 1 Reported at 789 F. Supp. 478 (D. Mass. 1992). 2 Plaintiffs claimed violations of the Medicare Act, Pub. L. No. 89-97, 79 Stat 286 (codified as amended in scattered sections of 42 U.S.C., principally 1935 et seq.), the Administrative ________ Procedures Act, 5 U.S.C. 551 et seq., 701 et seq., 3105 & _______ _______ 3344, and the Due Process Clause of the United States Constitution. -3- representatives. Robert Griffith and Katherine Nadworny continued to sue individually. The district court found no merit in the substance of plaintiffs' claims, and this appeal followed. The notice of appeal in this case was filed with the style of "Robert Griffith, et al., plaintiffs." It stated in relevant part "Robert Griffith, et al., plaintiffs named above, hereby appeal . . . ." LEGAL ANALYSIS LEGAL ANALYSIS ______________ Fed. R. App. P. 3(c) plainly requires that "[t]he notice of appeal shall specify the party or parties taking the appeal." The rule is a jurisdictional threshold; its requirements must be met before we can exercise jurisdiction over an appeal. Torres v. Oakland Scavenger Co., 487 U.S. 312, 314-15 ______ _____________________ (1988). Thus, the "failure to name a party in a notice of appeal . . . constitutes a failure of that party to appeal." Id. at ___ 314. The rule ensures that both the appellee and the court receive notice of the identity of the appellants, and that the appellee and the court are advised as to exactly who is bound by an adverse judgment and who is not. Id. at 318. ___ Appellant argues that the "Robert Griffith, et al." designation sufficed to properly name the certified class as a party to the appeal. We disagree. "Et al." does not provide the necessary specificity for us, or appellee, to know who besides Robert Griffith is a party. As the Supreme Court stated, "use of the phrase 'et al.,' which literally means 'and others,' utterly fails to provide such notice to either intended recipient." Id. ___ -4- The fact that a class has been certified does not make "et al." suddenly effective. Hammon v. Kelly, 980 F.2d 785, 786 (D.C. ______ _____ Cir. 1992); Ooley v. Schwitzer Div., Household Mfg., Inc. 961 _____ ______________________________________ F.2d 1293, 1305-06 (7th Cir.), cert. denied, 61 U.S.L.W. 3261 _____________ (1992). The decisions in Rendon v. A.T. & T. Technologies, 883 ______ ______________________ F.2d 388, 398 n.8 (5th Cir. 1989) and Al-Jundi v. Estate of ________ _________ Rockefeller, 885 F.2d 1060, 1061 n.1 (2d Cir. 1989), cert. ___________ _____ denied, Mancusi v. Al-Jundi, 112 S. Ct. 182 (1991), are not ______ _______ ________ contrary to our result. In those cases, the courts held that when the class representative was named in the notice of appeal, with the designation "et al." following, the entire class had appealed properly. In the present case, however, even the minimal requirement imposed by the Fifth and Second Circuits was not met: the class representative was not named. As neither the class nor any other potential appellant was named as a proper party to this appeal, we have no jurisdiction over their claims. For the purpose of informing future class action appellants exactly what this court expects the notice of appeal to contain, we adopt the requirement imposed by the Seventh Circuit and the D.C. Circuit. As the D.C. Circuit framed this requirement, "the notice of appeal should state the name of a proper class representative along with some general invocation of his representative capacity, such as 'John Smith, individually and on behalf of all other persons similarly situated' or 'John Smith, as class representative.'" Hammon, 980 F.2d at 786. ______ -5- The only remaining plaintiff is Robert Griffith. We must dismiss his appeal as moot because, as the district court noted, he has already received everything that he claims he was entitled to recover. Wilson v. Secretary of Health & Human ______ _____________________________ Services, 671 F.2d 673, 679 (1st Cir. 1982). ________ Appeal dismissed. ________________ -6-