16 F.3d 104
 28 Fed.R.Serv.3d 371
 Calvin BROOKS, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
Wesley Flynn, et al., Plaintiffs,
v.
Richard F. CELESTE; Richard P. Seiter; William Dallman;
Dr. G. Martinez; and Wes Jones, Defendants-Appellees.
 Nos. 92-3370, 92-3897.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 19, 1993.
Decided Feb. 9, 1994.
 
 David A. Little (argued and briefed), Legal Services Ass'n, Lima, OH, for plaintiff-appellant.
 Cordelia A. Glenn, Asst. Atty. Gen. (argued and briefed), Allen P. Adler, Asst. Atty. Gen. (briefed), Office of the Atty. Gen. of Ohio, Columbus, OH, for defendants-appellees.
 Before: MARTIN and RYAN, Circuit Judges; and EDGAR, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The district court certified the plaintiffs in this prisoner civil rights action as a class representing all current and future inmates confined in the Lima Correctional Institution (LCI). A magistrate judge, acting as a special master, conducted several days of hearings and issued a report favorable to plaintiffs, finding that defendants had been deliberately indifferent to plaintiffs' serious medical needs. The district judge rejected these conclusions and plaintiffs appealed. Because we conclude that the notice of appeal was defective, we dismiss for lack of jurisdiction and do not reach the merits of the appeal.
 
 I.
 
 2
 Plaintiffs filed a class action lawsuit against defendants on May 22, 1987. The lawsuit, which was filed under 42 U.S.C. Sec. 1983, accused defendants of denying plaintiffs adequate medical and dental care and sought both injunctive relief and damages. Specifically, plaintiffs alleged that Dr. Martinez, the physician at LCI, systematically failed to conduct proper physical examinations and routinely refused to prescribe necessary pain medications to inmates; plaintiffs also alleged that Dr. Martinez routinely canceled prescriptions made by other doctors. The other defendants were accused of failing to properly supervise Dr. Martinez and to take actions to remedy the problems once they were brought to defendants' attention.
 
 
 3
 A magistrate judge, acting as a special master, heard six days of testimony in October and November 1990. He filed a special master's report on October 24, 1991. The report first concluded that
 
 
 4
 plaintiffs' challenge to the overall structure for providing health services to the inmates at LCI [is] not well taken....
 
 
 5
 ... There is ... no basis in the record before this Court for a finding that the facilities at Lima manifest the deliberate indifference toward the well-being of the institution's inmates that must be shown under Estelle v. Gamble, 429 U.S. 97 [97 S.Ct. 285, 50 L.Ed.2d 251] (1976), in order for a federal court to intervene into the operations of a state institution.
 
 The report further stated, however, that
 
 6
 despite the system's potential for delivering adequate quality health care, sufficient flaws in the implementation of that system exist to warrant this Court's limited intervention....
 
 
 7
 These flaws relate to the manner in which the institution's physician, Dr. Guilermo Martinez, fails to perform basic medical responsibilities.
 
 
 8
 The special master then detailed at length Dr. Martinez's actions and concluded that the prisoners/patients at LCI, as a class, suffered a violation of their civil rights.
 
 
 9
 The district court accepted the special master's finding that LCI's overall structure for providing medical care is constitutional. The court rejected, however, the portions of the special master's opinion regarding Dr. Martinez and the conclusion that Dr. Martinez's actions constituted a violation of the Eighth Amendment.
 
 
 10
 Plaintiffs appealed the district court's judgment, as well as its decisions to deny plaintiffs' motion to amend and to dismiss plaintiffs' claims for compensatory damages. The caption in the notice of appeal states:
 
 
 11
 CALVIN BROOKS, et al., Plaintiffs,
 
 
 12
 vs.
 
 
 13
 RICHARD F. CELESTE, et al., Defendants.
 
 CASE NO. C87-7359
 JUDGE: JOHN W. POTTER
 NOTICE OF APPEAL
 
 14
 The body of the notice also only refers to "plaintiffs Calvin Brooks, et al."On the same day that they filed this appeal, plaintiffs filed a motion for reconsideration under Fed.R.Civ.P. 60(b)(1) and (6). The motion argued that the district court had
 
 
 15
 1) erred in the application and interpretation of existing law;
 
 
 16
 2) oversimplified the facts and factual scope of plaintiffs' case; and
 
 
 17
 3) made findings which were contradictory on their face and in light of prior rulings.
 
 
 18
 The district court denied plaintiffs' motion. Plaintiffs appealed this order, using the caption assigned by the Sixth Circuit to the appeal which was already pending at that time.[1] These two appeals were consolidated.
 
 II.
 A. The First Notice of Appeal
 
 19
 Defendants argue that the terms "et al." and "plaintiffs" are insufficient to identify the plaintiffs who join Calvin Brooks in this appeal. Because the notice neither identifies any other plaintiffs nor refers to the fact that plaintiffs were certified as a class in the district court, defendants argue that plaintiffs have failed to comply with Fed.R.App.P. 3(c), thereby creating a jurisdictional bar to any appeal except by Brooks. Plaintiffs argue that because this is a class action they are relieved of the requirement to specifically name all plaintiffs who wish to appeal. They contend that use of "et al." following the name of the designated class representative is sufficient to perfect an appeal by the entire class.
 
 
 20
 Any analysis of the sufficiency of a notice of appeal must start with the Supreme Court's decision in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Torres was one of sixteen plaintiffs who intervened in an employment discrimination suit. Although the intervenors sought class certification, it had not been awarded at the time of the appeal. The relevant portion of the caption of the notice of appeal read "JOAQUIN MORALES BONILLA, et al., Plaintiffs in Intervention." In the body of the document, fifteen of the sixteen intervenors were individually listed. The sixteenth person, Torres, was not listed due to a clerical error. The issue on appeal to the Supreme Court was whether Torres had perfected an appeal. In holding that he had not, the Court stated:
 
 
 21
 Petitioner urges that the use of "et al." in the notice of appeal was sufficient to indicate his intention to appeal. We cannot agree. The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.
 
 
 22
 Id. at 317-18, 108 S.Ct. at 2409. Importantly, Torres also held that a proper notice of appeal is required to confer jurisdiction on an appellate court. Id. at 316-18, 108 S.Ct. at 2408-09.
 
 
 23
 This court interpreted the Torres decision in Minority Employers of the Tennessee Department of Employment Security, Inc. v. Tennessee, 901 F.2d 1327 (6th Cir.) (en banc ), cert. denied, 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). We voted to hear Minority Employers en banc specifically "to resolve the uncertainties which have arisen within our circuit in the interpretation of Fed.R.App.P. 3(c) following the decision of the United States Supreme Court in Torres." Id. at 1328. The court held, unequivocally, that
 
 
 24
 the term "et al." is insufficient to designate appealing parties in a notice of appeal and that appellants must include in the notice of appeal the name of each and every party taking the appeal.
 
 
 25
 Id. at 1330.
 
 
 26
 Despite this strong statement, however, the court did not "ignore the 'some designation' or 'otherwise designated' language in Torres." Id. at 1336. While the court rejected the plaintiffs' interpretation of this language, which would have required courts to use a "common-sense reading" and look to see whether the appellee was misled or prejudiced, id. at 1332, it did consider that the language might refer "to issues such as class representation." Id. at 1336. In making this statement, the court specifically noted Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1061 n. 2 (2d Cir.1989) and Rendon v. AT & T Technologies, 883 F.2d 388, 398 n. 8 (5th Cir.1989).
 
 
 27
 The core issue, then, is whether class actions should be treated differently, and if so, how. The circuits have adopted various approaches to this issue. Three different positions have been taken:
 
 
 28
 1) The name of a proper class representative, followed by "et al." is not sufficient to perfect an appeal by the class. This view is held by the D.C. and Seventh Circuits. See Hammon v. Kelly, 980 F.2d 785 (D.C.Cir.1992); Ooley v. Schwitzer Div., 961 F.2d 1293 (7th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992).
 
 
 29
 2) The name of a proper class representative, followed by "et al." might be sufficient to perfect an appeal by the class. This decision was reached by the First Circuit. See Griffith v. Sullivan, 987 F.2d 25 (1st Cir.1993).
 
 
 30
 3) The name of a proper class representative, followed by "et al." is sufficient to perfect an appeal by the class. This view is held by the Second and Fifth Circuits. See Al-Jundi, 885 F.2d 1060; Rendon, 883 F.2d 388.
 
 
 31
 Looking first to the D.C. Circuit, that court has flatly declared that "et al." is insufficient to bring the entire class before the appellate court and requires that
 
 
 32
 the notice of appeal ... state the name of a proper class representative along with some general invocation of his representative capacity, such as "John Smith, individually and on behalf of all other persons similarly situated" or "John Smith, as class representative."
 
 
 33
 Hammon, 980 F.2d at 786.
 
 
 34
 Although the Seventh Circuit has also clearly held that the name of a class representative followed by "et al." is insufficient, it is not clear what the court would accept. Ooley, 961 F.2d 1293. In Ooley, the appellants' first notice of appeal simply listed the class representative followed by "et al." The court sua sponte issued an order directing appellant to show why the appeal should not proceed only as to the named appellant. Appellant moved for an extension of time to file a notice of appeal, which was granted. The appellant class then submitted a second notice of appeal which was accepted. The opinion does not indicate what information was contained in that second notice.
 
 
 35
 The First Circuit's position is not entirely clear. In Griffith, 987 F.2d 25, the notice of appeal listed the name of a person who was no longer a class representative followed by "et. al". The court cited to Hammon and Ooley with approval, stating that the "fact that a class has been certified does not make 'et al.' suddenly effective." Id. at 27. The court went on, however, to distinguish its holding from Al-Jundi and Rendon, which accepted notices of appeal that simply named a class representative followed by "et al." by saying that in those two cases the named person was actually a representative of the class. Consequently, it is not clear whether the First Circuit will accept the name of a proper class representative followed by "et al." or whether the court will require some other designation similar to that required by the D.C. Circuit.
 
 
 36
 The Second and Fifth Circuits have reached questionable outcomes. The Al-Jundi court disposed of the sufficiency issue in a footnote, stating:
 
 
 37
 Although the notice of appeal in this action names Al-Jundi as the only appellant, we note that the other members of the class were, by implication, "otherwise designated, however inartfully, in the notice of appeal," by virtue of the fact that the amended complaint lists all plaintiffs as "representatives of the plaintiff class." It thus seems evident that both the Estate and the court could "determine with certitude," that the entire class appealed the judgment.
 
 
 38
 Al-Jundi, 885 F.2d at 1061 n. 1 (citations omitted). But requiring parties to refer back to the complaint does not comport with the requirement that the notice of appeal stand on its own two feet. Requiring parties to look back to the complaint would obviate the rule established in Torres.
 
 
 39
 The Rendon court also disposed of the sufficiency issue in a footnote, holding:
 
 
 40
 The plaintiffs' notice of appeal designated "Gilbert Rendon, et al." as appellant. AT & T contends that we have no jurisdiction to consider the cross-appeal because under Fed.R.App.P. 3(c) the phrase "et al." gives no notice of the party seeking an appeal. Although AT & T's argument may have merit where there is no class certification, we reject this argument when a class has been certified. Rendon was designated as the class representative below and, as a result, his actions bound the entire class. Liberally construing the specificity requirement of Rule 3(c), we hold that "Gilbert Rendon, et al." was sufficient to designate the certified class of plaintiffs as appellants.
 
 
 41
 Rendon, 883 F.2d at 398 n. 8 (citation omitted). The "liberally construing the specificity requirement" is where the Rendon court runs into trouble. Torres seems to prohibit courts from construing that requirement too liberally.
 
 
 42
 Keeping in mind that the rationale behind Fed.R.App.P. 3(c) is that the "whole story" for the appellants must appear in the notice of appeal, we believe that the D.C. Circuit has formulated the best approach to achieve this objective simply and effectively. We hereby adopt that approach. Requiring some sort of class designator in addition to the name of a class representative comports with the specificity requirement of Torres and recognizes the practical problems of listing all plaintiffs in very large, or even open-ended, classes.
 
 
 43
 Plaintiffs' first notice of appeal referred only to "Calvin Brooks, et al." It contained no reference to a class action or to the fact that Calvin Brooks was appealing as a representative of that class. Consequently, the first notice of appeal was defective, depriving this court of jurisdiction to hear the appeal. In reaching this conclusion, we have not considered the new Fed.R.App.P. 3(c). That rule was not in effect when the notice of appeal was filed in this case nor when the case was submitted for decision.[2]
 
 B. The Second Notice of Appeal
 
 44
 The question, then, is whether plaintiffs' appeal can be rescued by the second notice of appeal, which was filed on August 26, 1992, and which does contain a satisfactory caption. The second notice purports to appeal the July 27, 1992, denial of plaintiffs' motion for relief from judgment/motion for reconsideration. That motion was filed and decided under Fed.R.Civ.P. 60(b)(1) and (6).
 
 
 45
 Since the denial of plaintiffs' motion for reconsideration, this court has twice addressed the question of whether a district court possesses jurisdiction to decide a Rule 60(b) motion after the filing of a notice of appeal. Pittock v. Otis Elevator Co., 8 F.3d 325 (6th Cir.1993); Lewis v. Alexander, 987 F.2d 392, 394-95 (6th Cir.1993). Both cases hold that a district court does not have jurisdiction in that situation. Although there are exceptions to this general rule, the present case does not fit within any of those exceptions. Because the district court did not have jurisdiction to deny plaintiffs' motion, there is nothing for this court to review on appeal. Even if the district court did have jurisdiction over plaintiffs' Rule 60(b) motion, the second notice of appeal would bring only that motion before this court; it would not bring the underlying judgment.
 
 
 46
 Plaintiffs cannot argue that their motion for reconsideration tolled the time for filing an appeal. Under the relevant terms of Fed.R.App.P. 4(a)(4), only a Fed.R.Civ.P. 59(e) motion can operate as a tolling mechanism. A Rule 59(e) motion to alter or amend the judgment must be filed within ten days of the entry of judgment. This court has on occasion treated motions to reconsider as motions under Rule 59(e). See Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Plaintiffs' motion in the present case was filed 27 days after the entry of judgment and therefore cannot be treated as a Rule 59(e) motion.
 
 
 47
 Because the district court did not have jurisdiction to decide plaintiffs' Rule 60(b) motion, and because that motion did not toll the time for filing a notice of appeal, plaintiffs cannot use their second notice of appeal to correct the deficiencies of the first notice. Consequently, this court has no jurisdiction to reach the merits of plaintiffs' case.
 
 C. Calvin Brooks
 
 48
 The first notice of appeal properly names only Calvin Brooks as an appellant. The special master's findings of a constitutional violation, however, rely on a pattern and practice of negligent acts purportedly affecting the entire class of prisoners treated at LCI. Those findings do not address constitutional violations with respect to any one individual, least of all plaintiff Brooks. Without the class, then, this court cannot adequately conduct an appellate review of the district court's order.
 
 
 49
 In any event, it is clear as a matter of law that Brooks' constitutional rights were not violated. No dispute exists about the fact that Dr. Martinez examined Brooks on several occasions. The dispute in this case concerns the adequacy of that treatment. Existing law clearly states that mere medical negligence or inadvertence is insufficient to state a constitutional violation:
 
 
 50
 [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.
 
 
 51
 Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). This court has stated that
 
 
 52
 [w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.
 
 
 53
 Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Accordingly, Brooks, standing alone, cannot prove a constitutional violation, and the district court was correct to enter judgment in favor of defendants.
 
 III.
 
 54
 For the reasons stated above, we DISMISS this appeal for lack of jurisdiction.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 This caption is the one used at the beginning of this opinion
 
 
 [2]
 Amended Fed.R.App.P. 3(c) became effective December 1, 1993. See 61 U.S.L.W. 4395 (Apr. 22, 1993)