39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jericho COOK, Plaintiff-Appellant,
v.
Austin WELLER, Jailer, Defendant-Appellee.
 No. 94-5439.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Jericho Cook appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Cook alleged that the defendant violated his constitutional rights while he was incarcerated at the Nelson County Jail because he did not receive adequate treatment for an injured hand and because he was forced to share a cell with a smoker. The district court awarded summary judgment to the defendant on March 11, 1994, and it is from this judgment that Cook now appeals.
 
 
 4
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If a movant meets its burden of production, the nonmoving party must go beyond its pleadings and present evidence which shows that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 5
 The Eighth Amendment is violated if prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the present case, the defendant submitted affidavits which show that Dr. Mark Abram examined and/or treated Cook on 18 different occasions while was incarcerated at the jail. Cook admits that he was also taken to see a specialist during this time. He argues that Dr. Abram's diagnosis was not consistent with the specialist's, but an Eighth Amendment violation is not demonstrated by a mere disagreement over diagnosis or the proper course of treatment. See Brooks v. Celeste, 16 F.3d 104, 109 (6th Cir.1994). Cook also argues that there is a factual dispute regarding the seriousness of his injury. However, it is apparent that the defendant was not deliberately indifferent to Cook's medical needs, despite their alleged seriousness. See id.
 
 
 6
 In evaluating the allegations regarding environmental tobacco smoke ("ETS"), the district court properly held that Cook must demonstrate: 1) that he was exposed to unreasonably high levels of ETS; 2) that there was more than a statistical probability that he would be injured by ETS; and 3) that involuntary exposure to ETS violates contemporary standards of decency. See Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). Cook has not established any of these elements, and he has not shown that the defendant was deliberately indifferent to the potential health risks of ETS. Instead, the defendant's affidavit indicates that he attempts to honor inmate requests to be housed with non-smokers. Moreover, Dr. Abram's affidavit indicates that he did not note a respiratory disorder in any of his examinations of Cook.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation