**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

OUTLAWS CLUB, located at 5420
Howard Street, Charlotte, NC, More
particularly Described in a Deed
Recorded at Book 4407, Page 460,

No. 95-1241

Mecklenburg County Registry,
<u>Defendant-Appellant,</u>

and

MICHAEL WELDON BAZEMORE;
CHARLOTTE-MECKLENBURG COUNTY
TAX COLLECTOR,
<u>Claimants.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-91-408-3-P)

Argued: July 10, 1996

Decided: August 19, 1996

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion. Judge Widener wrote
a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Harold Johnson Bender, LAW OFFICE OF HAROLD J. BENDER, Charlotte, North Carolina, for Appellant. B. Frederic Williams, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Mark T. Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On November 22, 1991, the government filed a civil forfeiture action in the district court against the clubhouse occupied by the Charlotte, North Carolina, chapter of the Outlaws motorcycle club, and the lot upon which it is situated. On March 9, 1992, Michael W. Bazemore, then a member of the Outlaws, asserting that he was "attorney-in-fact for the record owners of the property," filed a claim contesting the forfeiture. Neither the club itself **1** nor any other members filed claims.

Following a lengthy period of discovery, culminating in a bench trial, the district court entered a final judgment of forfeiture on behalf of the government on January 23, 1995. Eight days later, a notice of appeal was filed in the district court that stated:

_____

**1** Under North Carolina law, unincorporated associations have the capacity to sue and be sued. N.C. Gen. Stat. § 1-69.1 (1983). It therefore appears that the Outlaws could have filed its own claim in the forfeiture proceeding, and that such a claim need not have named individual members of the club. Indeed, we note that the government's complaint for forfeiture named "The Outlaws" as a "person" who "may have or claim an interest in the defendant property."

2

>NOW COMES the Defendant, by and through its attorney, and gives Notice of Appeal to the Fourth Circuit Court of Appeals from the Memorandum of Decision and Order and Judgment entered by The Honorable Robert D. Potter on January 23, 1995.

(emphasis supplied). The notice of appeal was captioned United States v. Outlaws Club, located at [etc.], the same as all other filings and orders in the proceedings below. No other notices of appeal from the final judgment were filed.

Under the federal rules, a notice of appeal

>must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal. . . . An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

Fed. R. App. P. 3(c). The notice of appeal filed in this case specifies that it is being taken on behalf of "the Defendant," which, in this in rem proceeding, is merely the real property that is the subject of the action. However, inasmuch as pieces or parcels of real property are not themselves "owners" within the meaning of the federal forfeiture statutes, they have no legal standing to contest their own forfeiture. United States v. One Parcel of Real Property, 831 F.2d 566, 568 (5th Cir. 1987).

The notice of appeal nowhere specifies that it is being taken on behalf of Bazemore, and his intent to appeal is not otherwise clear therefrom.[2] Although one might conclude from all the circumstances that Bazemore intended to appeal (insofar as he was the only party

_____

[2] The notice of appeal not only fails to name Bazemore anywhere in its caption or body, but it also affirmatively states that the entity taking the appeal is doing so "by and through its attorney," instead of "by and through his attorney." Thus, quite apart from the notice's failure to offer any positive evidence of Bazemore's intent to appeal, a plain reading of the document would appear to support the opposite conclusion.

3

with legal standing to appeal and that a notice of appeal was in fact filed), Rule 3(c) specifically states that a party's intent to appeal must be discernible "from the notice," rather than from the filing of the notice.

The failure of a party to comply with the specificity requirement of Rule 3(c) divests the court of appeals of jurisdiction to hear the appeal so noted. Torres v. Oakland Scavenger Co. , 487 U.S. 312, 315 (1988); Mallas v. United States, 993 F.2d 1111, 1116 (4th Cir. 1993). In Torres, Justice Marshall, writing for the seven-Justice majority, stated: "The failure to name a party in a notice of appeal is more than excusable `informality'; it constitutes a failure of that party to appeal." Id. at 314.[3] Hence, though Bazemore was the only party entitled to appeal the judgment below, it is evident that he has not.

Because it appears to this court that it lacks jurisdiction to consider the appeal filed in this case, that appeal is hereby

DISMISSED.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

The lack of jurisdiction upon which this case is decided is based upon the mere fact of an oversight in filing with the court papers a power of attorney executed by the three grantees in the deed to the property, the record owners thereof, who had executed a power of attorney to Bazemore, a claimant in this case, to prosecute the claim on their behalf.

This power of attorney was seen by the government, which yet acknowledges that it exists, and merely was not filed through the oversight of Bazemore's attorney. A trial on the merits was held in

_____

**3** Although the applicability of Torres to appeals from judgments against multiple parties has been somewhat curtailed by subsequent amendments to Rule 3(c), its general declarations respecting the effect of a party's clear failure to comply with the Rule surely remain viable.

4

which no issue was made of any lack of authority on the part of Bazemore to proceed with the case.

Even at oral argument on appeal the following question and answer took place:

> The Court: The grantees in the deed apparently had given him [Bazemore] the power of attorney?

> Assistant United States Attorney: The United States had no intention of making an issue of that at trial.

In my opinion, the dismissal of the case by the district court and the dismissal of this appeal carry too far a rigid construction of both rules of pleading as well as the Rules of Appellate Procedure.

I would vacate the judgment of the district court and remand the case for a decision on the merits. The matter has already been tried.

5