Albert C. HANNA, Plaintiff–Appellant,

v.

CITY OF CHICAGO, Defendant–
Appellee.

No. 02–3202.

United States Court of Appeals,
Seventh Circuit.

Argued April 7, 2003.

Decided May 2, 2003.

Before BAUER, ROVNER, and
WILLIAMS, Circuit Judges.

## ORDER

Albert C. Hanna sued the City of Chicago challenging the City's enactment of an amendment to the Chicago Zoning Ordinance. The amendment placed height limitations on all residential property in the City located in General Residence Districts zoned R4 and R5, including some property owned by Hanna. Hanna alleged that the amendment violated substantive and procedural due process under the United States and Illinois Constitutions, and seeks an injunction preventing the City's application of the amendment to all such properties. The City removed the case to federal

court. There, the district court dismissed the federal claims on grounds of ripeness, and declined to exercise jurisdiction over the remaining state claims. Hanna appealed that determination.

After the district court issued its order, this court decided *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445 (7th Cir.2002), which clarifies that the facial challenge to the constitutionality of the amendment is indeed ripe. *See id.* at 458 n. 13 ("Litigants are not required to meet the *Williamson County* ripeness requirements when solely mounting a pre-enforcement facial challenge to the constitutionality of a statute under the Fifth Amendment. [citations omitted]"). The City in fact conceded that *Daniels* resolved the ripeness issued and required reversal of that decision, and we appreciate that professional candor by the City.

■ The City instead asserts on appeal that the case should be dismissed on the merits rather than dismissed on grounds of ripeness. The City acknowledges, however, that such a dismissal would broaden the relief obtained below because it would be a dismissal with prejudice as opposed to one without prejudice, and that therefore they should have filed a cross-appeal. It is well-settled that "[a]bsent a cross-appeal, an appellee may 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack on the reasoning of the lower court,' but may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.' " *El Paso Natural Gas Company v. Neztsosie*, 526 U.S. 473, 479, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999), *quoting United States v. American Railway Express Co.*, 265 U.S. 425, 434, 44 S.Ct. 560, 68 L.Ed. 1087 (1924). The question for us then becomes whether the failure to do so

deprives us of jurisdiction, preventing us from addressing the issue

■ The City contends that a cross-appeal is not a jurisdictional requirement, and that this court should consider its argument in the interest of judicial efficiency. There is a split in the circuits on whether the requirement of a cross-appeal is a jurisdictional limit to the power of the court to consider an issue, or a rule of practice subject to exceptions. Our own circuit in *Young Radiator Company v. Celotex Corp.*, 881 F.2d 1408 (7th Cir.1989) held that it is a jurisdictional limit, stating that the Supreme Court decision in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) was controlling and precluded the argument that it was a rule of practice. A subsequent decision in our circuit, however, cast doubt on that holding, noting that "[t]he rule, when conceived of as being jurisdictional and therefore not waivable, has been criticized, not only by the Wright and Miller treatise, which remarks the 'astonishing lack of reasoned explanation' for it, ... but also by us." *Coe v. County of Cook*, 162 F.3d 491, 497 (7th Cir.1998) [citations omitted]. In a case decided after those two opinions, the Supreme Court recognized the circuit split on the issue and refused to resolve it, declaring that it "need not decide the theoretical status of such a firmly entrenched rule, ... for even if it is not strictly jurisdictional (a point we do not resolve) the 'comity considerations' invoked by the Court of Appeals to justify relaxing it are clearly inadequate to defeat the institutional interests in fair notice and repose that the rule advances." *El Paso Natural Gas Company v. Neztsosie*, 526 U.S. 473, 479, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999).

We need not decide the issue either, because even if it were a rule of practice, this is not the type of situation in which we

would consider the matter absent a cross-appeal. The City concedes that some of its arguments for dismissal were never even raised in the district court. The first opportunity for Hanna to respond to the argument came in the reply brief on appeal. This is not the type of situation in which we would waive the cross-appeal requirement even if it is not jurisdictional in nature. The City has failed to advance any interest sufficient to justify relaxing the rule. If we decline to consider the issue, the parties have the opportunity to fully present it in the district court, where they can properly brief and argue it. There is no reason to waive the cross-appeal requirement here. Accordingly, the decision of the district court is reversed and the case remanded for further proceedings consistent with this opinion.