NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

LINCOLN ELECTRIC COMPANY
AND LINCOLN GLOBAL, INC.,
*Appellants,*

v.

INTERNATIONAL TRADE COMMISSION,
*Appellee,*

and

THE ESAB GROUP, INC.,
*Intervenor,*

and

SIDERGAS SPA,
*Intervenor.*

2011-1087

On appeal from the United States International Trade Commission in Investigation No. 337-TA-686.

ON MOTION

Before MOORE, *Circuit Judge.*

## ORDER

Sidergas SpA and The ESAB Group, Inc. (ESAB) move to dismiss Lincoln Electric Company and Lincoln Global, Inc.'s (Lincoln) appeal for lack of jurisdiction. Lincoln opposes. ESAB replies.

Lincoln filed an appeal of an adverse International Trade Commission determination. Lincoln states that it inadvertently identified ESAB and not the ITC as the appellee in the caption on the notice of appeal. However, the notice of appeal did expressly name the ITC as the forum that decided the matter. This court docketed the appeal and named the ITC as the appellee on the court's official caption. Lincoln states that it served the Commission with a copy of the notice of appeal. The Commission entered an appearance soon thereafter as an appellee.

ESAB asserts that Lincoln's appeal must be dismissed because Lincoln failed to include the ITC as a respondent in the *caption* of the notice of appeal, which ESAB asserts Lincoln must do pursuant to Fed. R. App. P. 15(a). That rule states, in relevant part, that a notice of appeal must "name the agency as a respondent." Fed. R. App. P. 15(a)(2)(A).

We agree with ESAB that a failure to identify an appellant on a notice of appeal would deprive this court of jurisdiction to hear from that appellant under Fed. R. App. P. 15(a). *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, (1988), *superseded in part by 1993 revision to Fed. R. App. P. 3(c)*, (Fed. R. App. P. 3(c) required that each appellant be named in a notice of appeal and court could not waive that deficiency because it was a jurisdictional requirement). However, we do not find convincing the argument that the failure to include the proper appellee in the *caption* of the appeal constitutes a jurisdictional deficiency. As here, when the document does identify the agency and the ITC received notice of the appeal because

Lincoln served a copy on the ITC, the failure to include the agency again in the caption of the appeal appears harmless and is not a jurisdictional deficiency.

Accordingly,

IT IS ORDERED THAT:

ESAB's motion to dismiss is denied. Lincoln's opening brief is due within 30 days of the date of filing of this order.

FOR THE COURT

FEB 2 5 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Terrance J. Wikberg, Esq.
     Jia Chen, Esq.
     Stephen B. Mosier, Esq.
     Blas P. Arroyo, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 2 5 2011

JAN HORBALY
CLERK