**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CPESAZ LIQUIDATING, INC., FKA Community Provider of Enrichment Services, Inc.; et al., <br><br> Debtors, <br><br> ------------------------------ <br><br> ROBERT BENNETTI; LINDA MARIANO; LINKI PEDDY; and CHARLES FOUST, JR., <br><br> Appellants, <br><br> v. <br><br> CPESAZ LIQUIDATING, INC., FKA Community Provider of Enrichment Services, Inc.; et al., <br><br> Appellees. | No. 22-60039 <br><br> BAP No. 21-1123 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Gan, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted October 18, 2023
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Certain participants in an Employee Stock Ownership Plan ("ESOP") appeal from the Bankruptcy Appellate Panel's order affirming the bankruptcy court's orders confirming the bankruptcy plan and denying their motions for temporary allowance of claims and to appoint a Chapter 11 trustee. We have jurisdiction under 28 U.S.C. § 158(d)(1). We grant the motion to dismiss the appeal.

1. The amended notice of appeal to this Court identifies appellants as "Robert Bennetti, Linda Mariano, Linki Peddy, Charles Foust, Jr., and 92 Other Participants in the CPES Employee Stock Ownership Plan and Trust." Federal Rule of Appellate Procedure 3(c) requires the notice of appeal be "sufficiently definite to 'give[] fair notice of the specific individual or entity seeking to appeal.'" *Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1023 (9th Cir. 2021) (alteration in original) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318 (1988)). Because nothing in the notice of appeal or in the Appellants' record on appeal sufficiently specifies the "92 Other Participants," this Court lacks jurisdiction over them. *See id.* Accordingly, only the four named individuals identified in the caption of this memorandum disposition ("Participants") have appealed, and the clerk is directed to revise the docket to reflect that they are the only appellants.

2. As to the Participants, we dismiss this appeal as equitably moot. This

Court weighs four factors in applying equitable mootness:

> (1) whether a stay was sought; (2) whether the plan has been substantially consummated; (3) the effect of the remedy on third parties not before the court; and (4) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court."

*Cobb v. City of Stockton* (*In re City of Stockton*), 909 F.3d 1256, 1263 (9th Cir. 2018) (quoting *JPMCC 2007–C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc.* (*In re Transwest Resort Props., Inc.*), 801 F.3d 1161, 1167–68 (9th Cir. 2015)).

There is no dispute that the first and second factors favor equitable mootness because Participants did not seek a stay and the plan is substantially consummated. Failure to seek a stay "without adequate explanation" is generally sufficient on its own to compel dismissal of an appeal. *Id.* at 1264. As to the third factor, unwinding the plan would require undoing settlements with and clawing back payments from third parties not before this Court. It thus favors equitable mootness. *See Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 882 (9th Cir. 2012). Finally, on the fourth factor, the relief sought by Participants in their briefs[1] would require "knocking the props out

---

[1] At oral argument, Participants' counsel conceded it was too late to seek this relief and requested this Court remand to the bankruptcy court for an evidentiary hearing regarding the independence of the current ESOP trustee. Participants forfeited this

from under the plan" to conduct a new vote on the plan or replace the current bankruptcy trustee with a court-appointed one. *Id.* at 881. Unwinding the plan and clawing back completed payments may be "impossible or inequitable." *Rev Op Grp. v. ML Manager LLC* (*In re Mortgages Ltd.*), 771 F.3d 1211, 1218 (9th Cir. 2014). It is not equitable to provide such relief here.

Accordingly, we dismiss this appeal as equitably moot.[2]

**DISMISSED**.

---

argument because they did not seek this relief in their opening brief. *See Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004).

[2] We deny Participants' motion to supplement the record and/or for judicial notice.